IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOLORES (DEE) BARRETT : | |
| : | |
| V. : | CIVIL ACTION - LAW |
| : | |
| THE GREATER HATBORO CHAMBER : | NO. 02 -cv-4421 |
| OF COMMERCE, INC.; JOHN J.(BUD) : | |
| AIKEN, AND MICKEY GLANTZ : | JURY TRIAL DEMANDED |

**PLAINTIFF'S ANSWER TO DEFENDANTS'
MOTION TO DISMISS COMPLAINT**

AND NOW, this         day of  September, 2002 comes Plaintiff Dolores (Dee) Barrett, by and through counsel, Anita F. Alberts Esquire, and respectfully requests this Honorable Court to dismiss, deny and overrule defendants' motion to dismiss for the following reasons:

   1. Plaintiff was the only employee of the Greater Hatboro Chamber of Commerce and brings her claim of sexual harassment, gender discrimination, and constructive discharge under the Pennsylvania Constitution ERA, Article I § 28, and under common law wrongful discharge for violation of public policy.  She has no access to the PHRA.

   2. Defendants knowingly argue against the most fundamental concept of Constitutional law, in contending that Pennsylvania's Constitution, Article I §28, adopted in May 1971 by popular vote as organic law prohibiting denial or abridgment of equal rights based on sex, is somehow preempted by a mere statute promulgated by state legislators, i.e. the Pennsylvania Human Relations Act, 43 P.S. § 951 et. seq., in 1955.

    3. Because Plaintiff has no administrative remedy, she cannot file her complaint of sexual harassment and discrimination with the Pennsylvania Human Relations Commission (PHRC), since fewer than four individuals are employed by corporate defendant, the PHRA jurisdictional threshold, which defines "employer" as employing four or more employees, must be declared

unconstitutional under Article I § 28 of the Pennsylvania Constitution, and under Article I § 26 of the Pennsylvania Constitution, if defendants' motion is granted.

    4. Defendants seek to overturn decades of solid, well considered judicial law, in arguing that Article I § 28 requires state action and does not apply to Plaintiff because she is not a government employee.

    5. Defendants ignore clear statutory language and misstate the law in contending that the PHRA does not articulate public policy for purposes of Plaintiff's wrongful discharge claim.

    6. Defendants improperly reply upon two unpublished common pleas decisions, which have no precedential value and were wrongly decided, to contradict holdings of the Pennsylvania Supreme Court and reported decisions law of the Eastern District U.S. Courts in Pennsylvania.

WHEREFORE, Plaintiff respectfully requests this Honorable Court deny, dismiss and overrule Defendants' Motion to Dismiss. In the alternative, if defendants' motion is granted, Plaintiff requests the jurisdictional threshold of the PHRA be struck down as unconstitutional.

                                            Respectfully submitted,

                                            _____
                                            Anita F. Alberts Esquire ID # 28086
                                            Counsel for Plaintiff Dolores (Dee) Barrett
                                            The Atrium Suite 2 West
                                            301 South Main Street
                                            Doylestown PA 18901
                                            (215) 340-0700
                                            FAX (215) 340-2747