IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOLORES (DEE) BARRETT** | : | |
| | : | |
| V. | : | CIVIL ACTION - LAW |
| | : | |
| THE GREATER HATBORO CHAMBER | | NO. 02 -cv-4421 |
| OF COMMERCE, INC.; JOHN J.(BUD) | : | |
| AIKEN, AND MICKEY GLANTZ | : | JURY TRIAL DEMANDED |

**PLAINTIFF'S  ANSWER OPPOSING DEFENDANTS' MOTION FOR
CERTIFICATION UNDER 28 U. S. C. §1292(b)**

     Plaintiff answers and opposes Defendants' application to certify its newly stated issue for interlocutory review by the Third Circuit Court of Appeals for the following reasons:

     1. Admitted that this Honorable Court denied defendants' motion to dismiss Count I of the Plaintiff's Complaint by Memorandum and Order of August 19, 2003.

     2. Denied.  On the contrary, the purpose of defendants' motion is to invent a new issue for purposes of interlocutory appeal, an issue it never raised in its motion to dismiss or memorandum of law.  The only basis on which defendants sought dismissal of Count I of Plaintiff's Complaint was whether the state Equal Rights Amendment required state action.  The issue defendants now seek to certify was not raised. It was never considered by this Honorable Court.  It is not a "controlling issue of law" and is therefore not properly raised on appeal.

     3. Denied.  Defendants seek to delay and prolong proceedings in this Court by seeking interlocutory appeal on a new theory not argued in its motion to dismiss.  Defendants are free to raise this issue in a motion for summary judgment but may not invent a new issue for purposes of interlocutory appeal.  28 U.S.C. § 1292(b) does not permit such manipulation.

1

    4. Denied.  On the contrary, the Pennsylvania Supreme Court has determined there is no requirement of state action under the PERA, and the August 19, 2003 decision of this Honorable Court did not "create" a cause of action.  On the contrary, this Honorable Court merely determined that Plaintiff is not required to establish "state action" in order to state a valid claim under the PERA, which was the only basis for defendants' motion to dismiss.

    5. and 6. Denied.  Pennsylvania's General Assembly cannot alter the Pennsylvania Constitution by purporting to define its terms in a manner inconsistent with judicial construction.  PERA is a Constitutional Amendment adopted by the Commonwealth as part of its own organic law.  The Constitution cannot be limited by any statute created by the legislature.

    7. Denied. No "new cause of action" has been "created."  The arguments raised in this paragraph were not include in defendants' motion to dismiss and cannot be considered by the Third Circuit Court of Appeals.  Further, the legislature's intent in 1955 in enacting the PHRA cannot abridge or deny rights confirmed by subsequent organic Constitutional law.

    8. Denied. Defendants have demonstrated nothing entitling them to certification of a new issue for purposes of immediate interlocutory appeal.  There are no "exceptional circumstances" in this case other than defendants' exceptional fear of legal accountability for their unlawful persecution of Plaintiff because of her sex, female.

WHEREFORE, Defendants' application for certification of interlocutory appeal should be denied.

    Respectfully submitted,

_____
Anita F. Alberts Esquire ID # 28086
The Atrium Suite 2 West
301 South Main Street
Doylestown PA 18901
(215) 340-0700
Counsel for Plaintiff