IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOLORES (DEE) BARRETT | : | |
| | : | |
| V. | : | CIVIL ACTION - LAW |
| | : | |
| THE GREATER HATBORO CHAMBER OF COMMERCE, INC.; JOHN J.(BUD) AIKEN, AND MICKEY GLANTZ | : : : | NO. 02 -cv-4421  JURY TRIAL DEMANDED |

**PLAINTIFF'S  MEMORANDUM OF LAW
 OPPOSING DEFENDANTS' MOTION FOR CERTIFICATION
UNDER 28 U. S. C. §1292(b)**

I. INTRODUCTION

Defendants, who litigated their Motion to Dismiss Plaintiff's private claim under the Pennsylvania Constitution's Equal Rights Amendment, Article 1 § 28, solely on the contention that State state action is required, lost.  They now apply to this Honorable Court for Certification of another issue for interlocutory appeal, namely, "whether the PERA creates a cause of action for sexual harassment independent of the exclusivity of the PHRA."

Not only is it improper to seek interlocutory appeal on an issue[1] which was never raised in the District Court, and therefore cannot be considered on appeal, this invented "issue" is baseless. There has been no "new cause of action" "created."  We  have a Constitutional provision, part of the organic law of the Commonwealth, adopted by the electorate, which cannot be abridged or overridden by the PHRA, a mere statutory enactment of the Legislature. Pottstown School District v. Hill School,  786 A. 2d 312 (Pa. Comwlth Ct. 2001).

---

[1] Presumably the issue is exclusivity of the PHRA, which is not an issue as to which there is "substantial ground for difference of opinion" because (a) it has been exhaustively litigated and (b) does not apply to this case as Plaintiff has no remedy under the PHRA, working as she did in an office with fewer than four employees

1

Further, the PERA is totally independent of the PHRA. It was adopted by popular vote 16 years after the PHRA became law.  Under Article I §28 Defendants Aiken and Glantz would also have a private cause of action under the ERA if they or their sons were sexually harassed at work by an employer (male or female) with fewer than four workers, or denied jobs as sports referees because of their sex, or refused automobile insurance or were charged higher rates, because of their gender, just as Dolores Barrett or her sister would have a cause of action under the PERA if they were denied mortgages, or denied credit, or the right to own property, or the right to claim loss of consortium, or the right to vote, or jobs as electricians, because of their sex.

II. DISCUSSION

The only "controlling issue of law" in this case, for purposes of a motion for certification under 28 U.S.C. §1292(b), is whether there is a requirement of "state action" before an individual can file a claim under the PERA. There is not. This issue is well settled in Pennsylvania, as This Honorable Court recognized in its August 19, 2003 Memorandum and Order. <u>Bartholomew ex. rel. Bartholomew v. Foster,</u> 115 Pa. Comwlth. Ct., 541 A. 2d 393,437 (1988), *affirmed,* 522 Pa. 489 (1989) held that "in order to invoke the provisions of the Pennsylvania Equal Rights Amendment. . .there is no requirement of state action." This decision has stood for 14 years.

The <u>Bartholomew</u>  Court's conclusion was reached after consideration of numerous prior decisions by the Pennsylvania Supreme Court, recognizing the PERA in circumstances involving purely private rights, even the most private of rights -- the right to the comfort and marital relations encompassed in the common law "consortium" claim.  Loss of consortium has long been a cause of action available in Pennsylvania, for men.  But only when the Court in <u>Hopkins v. Blanco,</u> 457 Pa. 90 (1974) recognized that a wife also has a right to claim loss of consortium because of the PERA did that common law tort become available to women.  There was no

outcry that a "new cause of action" had been "created."  No state action was involved -- just a husband and wife.

And when the same Supreme Court recognized, in <u>Conway v. Dana,</u> 456 Pa. 536 (1974) that a divorced mother earning more than a divorced father had a corresponding duty of child support under the PERA, the father obtained relief he could not have obtained absent the PERA, which removed the legal presumption of a father's exclusive duty to support his children.  Again, a purely private circumstance.  No new cause of action was "created."  The operation of the PERA  meant, and still means, that the sex of citizens of this Commonwealth is no longer a permissible factor in the determination of their legal rights and responsibilities. <u>Pottstown School District., *supra.*</u>   The State action doctrine is irrelevant to interpretation of the scope of the PERA, a constitutional amendment adopted by the Commonwealth as part of its organic law.

Defendants mistakenly rely on the incorrect prior decision in this case by a Montgomery County Common Pleas Judge, holding there *was* a state action requirement under the PERA, before this case was filed in U. S. District Court on diversity jurisdiction. *But the Montgomery County Court merely issued an interlocutory order, without a memorandum opinion.*  That Judge cited no case law, discussed no prior decisions, wrote no opinion.  Defendants also mistakenly rely on a misleading interpretation of <u>Hartford Acc. and Indem. Co. v. Insurance Com'r of Com.,</u> 505 Pa. 581, 482 A. 2d 542 (1984) to support its position that PERA required state action.  But in <u>Hartford</u>  the Supreme Court stated  "the rationale underlying the 'state action' doctrine is irrelevant" to interpretation of the PERA, in holding that the "state action" test is applied in determining *whether a Federal Constitutional prohibition of state action applies to certain conduct.* Moreover, in  <u>Welsh v. Aetna Insur. Co.,</u> 343 Pa. Super. 169, 174, 494 A. 2d 409, 412

(1985) the Pennsylvania Superior Court held state action "is no longer necessary in light of the Supreme Court's pronouncement in Hartford."

Pfeiffer v. Marion Center Area School District, 917 F. 2d 779 (3d Cir.1990) held "a private right of action is available for cases of gender discrimination under the Pennsylvania ERA." See also, Kemether v. Pennsylvania Interscholastic Athletic Assn. Inc., 15 F. Supp. 2d 740 (1998) holding "there is a private right of action for cases of gender discrimination under the PERA." And Imboden v. Chowns Communication, 182 F. Supp. 2d 453 (E. D. Pa. 2002) also recognized a private right of action in a sexual harassment case.

The only issue of law in this case is the "state action" argument made by defendants, and none other. This issue of law is well settled, and **there is not substantial ground for a difference of opinion** on this issue. If there were, Defendants would not have had to rely on a misinterpretation of Hartford, *supra,* a twenty-year-old case, for the only issue they raised.

The invention of a newly framed "issue," i.e., whether the ERA "creates a cause of action" for sexual harassment "independent" of the PHRA, cannot change the controlling issue of law in this case, i.e. whether there is a "state action" requirement under the PERA. A statutory cause of action for sexual harassment (and other forms of discrimination) in employment, housing, and places of public accommodation was "created" with passage of the PHRA in 1955. Adoption of the organic Constitutional prohibition of denial or abridgement of rights of Pennsylvania citizens based on sex in 1971 is far more comprehensive than the narrow confines of the PHRA. When the PHRA offers a citizen no protection from actionable sexual harassment, which would be available to her if there were four co-workers, she may look to the PERA and state a valid claim without establishing "state action." This is not a "new" cause of action.

The make-weight argument put forth in the Motion to Certify, regarding availability of jury trial or potential punitive damages, was never raised, briefed, considered or decided in this Court and therefore cannot properly be considered on interlocutory appeal.  Appeal at this time would do nothing but multiply these proceedings, which under 28 U.S.C. § 1292(b) must proceed while the motion is pending.  That is the true purpose of this motion.  Defendants seek to avoid reaching the merits of this case because they know they will lose.  There is no basis for certification of an issue for interlocutory appeal.

III. CONCLUSION

Defendants have failed to carry their burden.  They have not met the requirements of 28 U.S.C. § 1292(b) for certification of an issue for immediate interlocutory appeal and their motion should be denied.  See Yeager's Fuel Inc. v. Pennsylvania Power & Light Co., 162 F. R. D. 481 (E. D. Pa. 1995), where Judge Padova denied a motion under 28 U.S.C. § 1292 finding no substantial ground for difference of opinion existed on the issue raised by the moving party.

                                                Respectfully submitted,

`

                                                _____
Anita F. Alberts Esq. ID# 28086
Counsel for Plaintiff Dee Barrett
The Atrium Ste 2 W, 301 S. Main St.
Doylestown PA 18901
(215) 340-0700
(215) 340-2747 (FAX)

5