IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOLORES (DEE) BARRETT, | : | CIVIL ACTION NO. |
| | : | 02-cv-4421 |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| THE GREATER HATBORO CHAMBER | : | |
| OF COMMERCE, INC., JOHN J. (BUD) | : | |
| AIKEN, and MICKEY GLANTZ, | : | |
| | : | |
| *Defendants.* | : | **JURY TRIAL DEMANDED** |

**DEFENDANTS, GREATER HATBORO CHAMBER OF COMMERCE, INC., JOHN J. (BUD) AIKEN, AND MICKEY GLANTZ'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendants, Greater Hatboro Chamber of Commerce, Inc., John J. (Bud) Aiken, and Mickey Glantz, hereby answer the Civil Action Complaint filed by Plaintiff, Dolores (Dee) Barrett, as follows:

**JURISDICTION**

Admitted in part, denied in part. Defendants admit that Plaintiff purports to initiate this action under Article I §28 of the Pennsylvania Constitution and under the common law. Defendants deny that Plaintiff has stated a claim or is entitled to any relief under Article I §28 of Pennsylvania Constitution or under the common law. By way of further answer, Defendants admit that Plaintiff purports to invoke the diversity jurisdiction of this Court pursuant to 28 U.S.C. §1332.

**PARTIES**

    1.    Denied.

    2.    Admitted.

    3.    Admitted.

    4.    Admitted.

**FACTUAL STATEMENT**

    5.    Denied.

    6.    Denied.

    7.    Denied.

    8.    Denied.

    9.    Denied.

    10.    Denied.

    11.    Denied.

    12.    Denied.

    13.    Denied.

    14.    Denied.

    15.    Denied.

    16.    Denied.

    17.    Denied.

    18.    Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

## **COUNT I**

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

**WHEREFORE**, Defendants deny that Plaintiff is entitled to any relief and demand judgment in their favor against the Plaintiff and an award of attorney's fees.

**COUNT III**

46. Denied.

47. Denied.

48. Denied.

49. Denied.

**WHEREFORE**, Defendants deny that Plaintiff is entitled to any relief and demand judgment in their favor and against the Plaintiff and an award of attorney's fees.

**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state any claims upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The rights of action alleged in Plaintiff's Complaint are barred in whole or in part to the extent that they do not satisfy the applicable statutes of limitation.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred to the extent of her interim earnings or compensation or amounts earned by her through reasonable diligence.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which compensatory damages can be awarded.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which declaratory relief can be awarded.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which injunctive relief can be awarded.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which punitive damages can be awarded.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that an award of such damages would violate any of the provisions of the Constitution of the United States, or any of the provisions of the Constitution, or any other law.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred because the actions allegedly taken by the Defendants were not outrageous, willful, wanton, or reckless.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each claim contained therein, is barred in that the Defendants acted in good faith on an honest belief that employment decisions about which Plaintiff complains were justified by legitimate, non-discriminatory business reasons.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each claim contained therein, is barred in that any and all conduct by Defendants about which Plaintiff complains, was a just and proper exercise of management discretion and was justified by legitimate business purpose or necessity and acted in good faith under the circumstances then existing and carried out in a reasonable manner.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants' decisions were based on non-discriminatory business reasons unrelated to Plaintiff's alleged opposition to sexual harassment in the workplace or any alleged discriminatory or retaliatory motive.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to follow the complaint procedure as established in Defendant's anti-discrimination/harassment policy.

### FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any injury or damages alleged, to be alleged or otherwise, then

said injury and/or damage was proximately caused or contributed to by Plaintiff's own conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, and laches.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants intend to rely on or assert such other defenses that may become available or apparent during the course of discovery in this case, and Defendants expressly reserve the right to amend this Answer to assert any and all such defenses.

**WHEREFORE**, the Defendants respectfully request that this Court dismiss Plaintiff's Complaint, enter a judgment in their favor and against Plaintiff, and award Defendants their costs, including attorney's fees, incurred in this action.

SIDNEY L. GOLD & ASSOCIATES, P.C.

By:_____
SIDNEY L. GOLD, ESQUIRE
I.D. No.: 21374
TRACI M. GREENBERG, ESQUIRE
I.D. No.: 86396
515 Eleven Penn Center
1835 Market Street
Philadelphia, PA 19103
(215) 569-1999
Attorneys for Defendants