IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOLORES BARRETT** : | **CIVIL ACTION NO. 02-CV-4421** |
|      **Plaintiff,** : | |
| : | |
| vs. : | |
| : | |
| **THE GREATER HATBORO CHAMBER** : | |
| **OF COMMERCE, INC., ET AL.** : | |
|      **Defendants.** : | |

## ORDER

**AND NOW**, this 11th day of September 2003, upon consideration of Defendants' Motion for Certification Pursuant to 28 U.S.C. § 1292(b) (Doc. 6) and Plaintiff's Response thereto (Doc. 7), **IT IS HEREBY ORDERED** that Defendants' Motion is **DENIED**. This Court finds that the controlling question of law in this case, for purposes of certification under 28 U.S.C. § 1292(b), is whether there is a requirement of state action under Article I § 28 of the Pennsylvania Constitution (the "PERA") before an individual can file a claim. In this Court's Memorandum and Order dated August 19, 2003, this Court found that, in light of <u>Hartford</u>, <u>Pfeiffer</u>, and <u>Welsch</u>, there is a purely private right of action under the PERA absent any type of state action. <u>Id</u>. at 7. The Pennsylvania Supreme Court in <u>Hartford</u> and the Third Circuit Court of Appeals in <u>Pfeiffer</u> have decided this issue, and there is no substantial ground for difference of opinion. Furthermore, immediate appeal from the Court's August 19, 2003 Order will not materially advance the ultimate termination of this litigation, but rather cause further delay.

                                                                   **BY THE COURT:**

                                                                   **Hon. Petrese B. Tucker, U.S.D.J.**