IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOLORES (DEE) BARRETT** | : | |
| | : | |
| V. | : | CIVIL ACTION - LAW |
| | : | |
| **THE GREATER HATBORO CHAMBER** | | NO. 02 -cv-4421 |
| **OF COMMERCE, INC.; JOHN J.(BUD)** | : | |
| **AIKEN, AND MICKEY GLANTZ** | : | JURY TRIAL DEMANDED |

### PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF DEFENDANT JOHN (BUD) AIKEN

AND NOW, this      day of March, 2004, comes Plaintiff. by and through counsel, and requests this Honorable Court to order Defendant John (Bud) Aiken to appear for deposition in this case pursuant to F. R. C. P. 37 (a) and (d) for the following reasons:

    1. Plaintiff first requested Defendant Aiken's deposition by Notice dated October 24, 2003 scheduling the deposition for November 18, 2003.

    2. Defendant Aiken's deposition was rescheduled on November 7, 2003 by agreement of counsel, with Notice to take place December 8, 2003.

    3. Defendant Aiken's deposition again was rescheduled by agreement of counsel, on December 2, 2003 to take place by Notice for January 20, 2004.

    3. The January 20, 2004 deposition of Mr. Aiken was postponed a third time, on January 16, 2004, by agreement of counsel due to defense counsel's unavailability but no alternative dates were provided to Plaintiff.

    4. On February 9, 2004 Plaintiff rescheduled Defendant Aiken's deposition for the fourth time, by Notice, to take place March 1, 2004.

5. Defense counsel later confirmed this deposition date for Mr. Aiken, along with the deposition of Beverly Miller, a member of the Board of Directors of Greater Hatboro Chamber of Commerce, which was also rescheduled for March 1, 2004.

6. On February 25, 2004 Defense counsel's office cancelled Mr. Aiken's deposition stating Mr. Aiken "had to be out of town."  The deposition of Beverly Miller was also cancelled, without explanation or alternate dates for either the Aiken or Miller depositions.

7. Plaintiff learned that Mr. Aiken voluntarily took a pleasure trip to Florida shortly before his fourth rescheduled deposition, after the date of March 1 was confirmed.

8. Plaintiff believes Mr. Aiken will not appear for deposition without Order of Court, despite efforts of his counsel and cooperation between counsel. This statement is pursuant to Local Federal Rule 26.1 (f) as this matter cannot be resolved without assistance of the Court.

9. No depositions have yet been taken in this case, which was filed in July 2002. Discovery cutoff is May 17, 2004.  Plaintiff cannot prepare for trial without Aiken's deposition.

10. Mr. Aiken's fifth rescheduled deposition is being Noticed for Thursday April 1, 2004. If Mr. Aiken does not appear, Plaintiff requests a hearing for imposition of sanctions under Rule 37 (b)(2) and (d), preventing Mr. Aiken from testifying at trial or defending Plaintiff's charges. WHEREFORE, Plaintiff respectfully requests that the deposition of Defendant Aiken be ordered to take place forthwith, no later than April 1, 2004, or that defendant Aiken be precluded from testifying at trial of this case and defending Plaintiff's claims against him.

Respectfully submitted,

_____
Anita F. Alberts Esquire ID# 28086
Counsel for Plaintiff Dee Barrett

Case 2:02-cv-04421-PBT    Document 12    Filed 03/08/2004    Page 3 of 3