IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOLORES (DEE) BARRETT, | : | CIVIL ACTION NO. |
| | : | 02-cv-4421 |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| THE GREATER HATBORO CHAMBER | : | |
| OF COMMERCE, INC., JOHN J. (BUD) | : | |
| AIKEN, and MICKEY GLANTZ, | : | |
| | : | |
| *Defendants.* | : | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL THE DEPOSITION OF BUD AIKEN**

Defendants, The Greater Hatboro Chamber of Commerce, Inc., John J. (Bud) Aiken, and Mickey Glantz, by and through their counsel, Sidney L. Gold & Associates, P.C., hereby respond to Plaintiff's Motion to Compel the Deposition of Bud Aiken as follows:

1. On October 24, 2003, Plaintiff's counsel unilaterally noticed the deposition of Defendant Bud Aiken for November 18, 2003. Defendants' counsel notified Plaintiff's counsel that he was unable to attend on said date due to a scheduling conflict.

2. On November 7, 2003, Plaintiff's counsel again unilaterally noticed the deposition of Defendant Bud Aiken for December 8, 2003. Defendants' counsel again notified Plaintiff's counsel that he was unable to attend on said date due to a scheduling conflict.

3. On December 2, 2003, Plaintiff's counsel again unilaterally noticed the deposition of Defendant Bud Aiken for January 20, 2004. Defendants' counsel again notified Plaintiff's counsel that he was unable to attend on said date due to a scheduling conflict.

4. On February 9, 2004, Plaintiff's counsel again unilaterally noticed the deposition of Defendant Bud Aiken for March 1, 2004. Defendants' counsel notified Plaintiff's counsel that Defendant Bud Aiken was scheduled to be out of town on said date and was unable to attend said deposition.

5. On March 8, 2004, Plaintiff's counsel filed a Motion to Compel the deposition of Defendant Bud Aiken for April 1, 2004.

6. Thereafter, Defendants' counsel contacted Plaintiff's counsel and stated that he was unavailable for Defendant Bud Aiken's deposition on April 1, 2004 in that he was Ordered to attend a Settlement Conference before the Honorable Magistrate Thomas Rueter on said date.

7. On March 18, 2004, in an attempt to amicably resolve this discovery dispute, Defendants' counsel's associate, Traci M. Greenberg, Esquire ("Greenberg"), contacted Plaintiff's counsel to provide additional dates for the deposition of Defendant Bud Aiken.

8. In an obvious and intentional failure to engage in the spirit of cooperation, Plaintiff's counsel replied, "I'm not fucking gonna change it." Ms. Greenberg requested

that Plaintiff's counsel refrain from the use of profanity and again stated that she was attempting to cooperate with Plaintiff's counsel to schedule said deposition. Plaintiff's counsel then stated that she could no longer speak to Ms. Greenberg and abruptly hung up the telephone.

9. Defendants' counsel has at all times attempted to cooperate with Plaintiff's counsel in scheduling all depositions. However, Plaintiff's counsel has at all times unilaterally noticed said depositions, without any regard for Defendants' counsel's schedule.

10. Defendants' counsel will produce Defendant Bud Aiken for deposition at a mutually agreeable time.

**WHEREFORE**, Defendants respectfully request that the Court deny Plaintiff's Motion to Compel the Deposition of Bud Aiken for April 1, 2004 in that Defendants' counsel has been Ordered to appear before the Honorable Magistrate Thomas Rueter for a Settlement Conference on said date.

SIDNEY L. GOLD & ASSOCIATES, P.C.

By: <u>S/Sidney L. Gold, Esquire -SG1387</u>
SIDNEY L. GOLD, ESQUIRE
I.D. No.: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
Attorney for Defendants