IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOLORES (DEE) BARRETT, | : | CIVIL ACTION NO. |
| | : | 02-cv-4421 |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| THE GREATER HATBORO CHAMBER | : | |
| OF COMMERCE, INC., JOHN J. (BUD) | : | **JURY TRIAL DEMANDED** |
| AIKEN, and MICKEY GLANTZ, | : | |
| | : | |
| *Defendants.* | : | |

**DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR SANCTIONS FOR
FAILURE TO COMPLY WITH DISCOVERY ORDER**

Defendants, The Greater Hatboro Chamber of Commerce, Inc., John J. (Bud) Aiken, and Mickey Glantz, by and through their undersigned counsel, hereby respond to Plaintiff's Motion for Sanctions and aver as follows:

1. On February 9, 2004, Plaintiff served a Request for Production of Documents on Defendants.

2. The undersigned had telephone conversations with counsel for the Plaintiff and explained to said counsel that the Defendants were undertaking a search for the documents and that they would be forthcoming.

3. On April 14, 2004, Plaintiff filed a Motion to Compel Defendants to produce various documents.

4. On April 20, 2004, this Court issued an Order compelling Defendants to

-1-

answer the Request for Documents and produce all documents responsive to the said requests.

5. On April 28, 2004, Defendant produced all documents responsive to the requests within their control, except for the Minutes of the Meeting which were later discovered. (See Affidavit of Joseph J. Tryon, Jr., President of the Greater Hatboro Chamber of Commerce, attached hereto and marked as Exhibit "A").

6. On May 12, 2004, without having discussed any alleged deficiencies with Defense counsel, neither by letter nor a telephone conversation, Plaintiff's counsel filed a Motion for Sanctions for Failure to Comply with Discovery Order.

7. Defendants have complied with said Order and have shown a spirit of cooperation such that, sanctions should not be imposed.

8. As a result of Plaintiff's first Motion, the Defendants undertook a more extensive search of their files and discovered the Minutes of Meetings which were misfiled and therefore could not be located during the initial search. However, all other documents in their possession were produced on April 28, 2004. All other deficiencies in the response were due to the fact that said documents were not in Defendants' control, but were in a third party's control.

9. Mr. Tryon's Affidavit demonstrates that Defendants have complied with the Motion to Compel and Order to the best of their ability. It is well-established law that a party cannot be required to produce documents not in his control. See Chaveriat v.

Williams Pipe Line Co., 11 F.3d 1420 (7th Cir. 1993); Gerling Int'l Ins. Co. V. C.I.R., 839 F.2d 131 (3rd Cir. 1988).

  10. In a further display of Defendants' cooperative spirit, and although not required to do so under Federal law, Defendants have contacted outside sources in order to obtain the documents requested that were in the control of third parties.

  11. In connection thereto, on this date, these documents have been sent via Federal Express to Plaintiff's counsel, along with the Minutes of the Meetings.

  12. The following documents have been produced:

   * the payroll records for the years 1996, 1997, 1998, and 2000. The records for 1999 are missing and Defendants have been unable to locate them. These records were obtained from Hatboro Federal and never were contained in the office of the Chamber;

   * Tax returns for the tax years 1995 through 2002. The fiscal year 2003 tax return has not been completed yet. It is due July 15, 2004. Defendants had to obtain these documents from previous financial officers.

   * the Willow Grove Federal Checking Account monthly banking records, the Hatboro Federal Money Market monthly statements, the Hatboro Federal passbook savings for Bids and Bites, the Greater Hatboro Chamber of Commerce budget for 2004- 2005, the

       treasurer's reports and all other financial reports and bank statements obtained from the financial officers.

\*     a letter from Michael J. Foley, President of Diversified Technical Lines, Inc. indicating the contributions from Diversified Technical Lines, Inc. to the Chamber in the years 1992 through 2003.

**WHEREFORE**, Defendants respectfully request that this Court enter an order denying Plaintiff's Motion for Sanctions for Failure to Comply with Discovery Order.

    SIDNEY L. GOLD & ASSOCIATES, P.C.

BY:   <u>S/Sidney L.Gold, Esquire-SG-1387</u>
       SIDNEY L. GOLD, ESQUIRE
       Identification No.: 21374
       Suite 515
       1835 Market Street
       Philadelphia, PA 19103
       (215) 569-1999
       Attorney for Defendants

May 25, 2004