IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOLORES (DEE) BARRETT, | : | CIVIL ACTION NO. |
| *Plaintiff,* | : | 02-CV-4421 |
| v. | : | |
| THE GREATER HATBORO CHAMBER OF COMMERCE, INC., JOHN J. (BUD) AIKEN, and MICKEY GLANTZ, | : | **JURY TRIAL DEMANDED** |
| *Defendants.* | : | |

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants Greater Hatboro Chamber of Commerce, Inc., John J. (Bud) Aiken, and Mickey Glantz (collectively, the "Defendants") hereby file this memorandum of law in support of their Motion for Summary Judgment:

**I.    INTRODUCTION**

On or about July 3, 2002, Dolores (Dee) Barrett, ("Plaintiff") filed the instant Federal Civil Action Complaint alleging a violation of Article I § 28 of the Pennsylvania Constitution and wrongful discharge in violation of public policy under the PHRA.  The Court dismissed Plaintiff's wrongful discharge claim on August 19, 2003.  Accordingly, the only claim which remains arises under Article I § 28 of the Pennsylvania Constitution.

Plaintiff had originally filed the instant action in the Court of Common Pleas of Montgomery County on April 16, 2001.  Defendants moved to dismiss the Plaintiff's complaint for failure to state a valid cause of action.  Thereafter, Plaintiff filed two amended complaints

which were similarly attacked by the Defendants for failure to state a claim upon which relief could be granted.

In an effort to circumvent a third adverse ruling by the Montgomery County Court of Common Pleas, Plaintiff filed the instant action in Federal Court on July 3, 2002. Although Plaintiff had alleged that she had been a citizen and resident of the Commonwealth of Pennsylvania in her state action, she asserted that she was a resident and citizen of the State of New Jersey in order to manufacture diversity of citizenship pursuant to 28 U.S.C. §1332, in order to invoke federal court jurisdiction.

As will be demonstrated herein below, diversity jurisdiction does not exist. Therefore, the case must be dismissed for lack of jurisdiction. Further, Plaintiff's claim must be dismissed for failure to state a valid cause of action. There exists no legal cause of action under the Pennsylvania Equal Rights Act ("PERA"). Lastly, Defendants Aiken and Glantz cannot be held individually liable. There is no private right of action against individuals under the PERA. Thusly, Defendants Aiken and Glantz are also entitled to Summary Judgment.

## II.   STANDARD OF REVIEW

FRCP 56(c) provides "the test [for granting summary judgment] is whether there is a genuine issue of material fact, and if not, whether the [movant] is entitled to judgment as a matter of law." Ambruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994). A "material fact" is defined as a fact that affects the outcome of the litigation based upon the applicable law. Kelly v. Drexel Univ., 907 F.Supp 864, 870 (E.D. Pa. 1995). Where the factual record unequivocally demonstrates that no material issue of fact exists and the non-moving party fails to sustain her burden of proof, the trial court should grant summary judgment. When filing a motion for

summary judgment, the movant bears, at all times, the primary burden of establishing the lack of a material issue in dispute. In ruling upon a summary judgment motion, therefore, the court must give all benefit of the doubt to the non-moving party, and "view inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." <u>Bartnicki v. Vopper</u>, 200 F.3d 109, 114 (3d Cir.1999) *aff'd*, 532 U.S. 514 (2000).

### III. <u>LEGAL ARGUMENT</u>

#### A. **There is No Diversity of Citizenship Between the Parties, Thus This Court Does not Have Jurisdiction**

On July 3, 2002, Plaintiff filed a complaint in the United States District Court for the Eastern District of Pennsylvania based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. This case should be dismissed and remanded back to state court for adjudication because there is no diversity of citizenship between the parties. Thusly, the Court lacks subject matter jurisdiction. Plaintiff manufactured diversity in order to avoid the state court's adverse ruling in granting Defendants' third preliminary objections to the state court complaint. The Plaintiff is and was a citizen and resident of the Commonwealth of Pennsylvania.

According to the well established law in this Circuit, two elements are necessary for a citizen of the United States to change his or her domicile. First, an individual must take up residence at the new domicile; and second, he or she must intend to remain there. Neither the physical presence nor the intention to remain alone are sufficient. <u>Krasnov v. Dinan</u>, 465 F.2d 1298 (3d Cir. 1972) *citing* Wright, Federal Courts § 26, at 86 (2d ed. 1970). It is the citizenship of the parties at the time the action commenced which is controlling. <u>Id</u>. *citing* <u>Brough v. Strathmann Supply Co.</u>, 358 F.2d 374 (3d Cir. 1966). See also <u>Mollan v. Torrance</u>, 22 U.S. (9

Wheat.) 537, 6 L. Ed. 154 (1824); Conolly v. Taylor, 27 U.S. (2 Pet.) 556, 7 L. Ed. 518 (1829)(the rule in actions commenced by Plaintiffs in federal court has been that the citizenship of the parties at the time of commencement of the action determines whether the requisite diversity exists). "In determining whether a party has intended to establish a domicile in the state to which he has moved, the factfinder will look to such circumstances as his declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business." Krasnov at 1301, *citing* Mitchell v. United States, 88 U.S. (21 Wall.) 350, 353, 22 L. Ed. 584 (1874).

In the instant case, as established in her deposition testimony, Plaintiff was a resident and a citizen of the Commonwealth of Pennsylvania on July 3, 2002, the date this complaint was filed. She was neither a resident nor a citizen of the state of New Jersey. Plaintiff owns two homes, one in Hatboro, Pennsylvania at 2400 Karen Lane 19040 and another at 103 Beach Avenue, Pierces Point, Cape May Courthouse, New Jersey. (Pl.'s Dep., p. 3 & 197). Plaintiff has owned her place in New Jersey since on or about October of 1980. (Id., p. 234). During her deposition, Plaintiff testified that on the date of said filing of her complaint, she lived at her Pennsylvania residence but she would stay at the New Jersey residence during the week because of work. (Pl.'s Dep., pg. 191). Thus, she never "took up residence in the new domicile", as required. Moreover, at the time of filing, her intention was to remain in Pennsylvania and keep Pennsylvania as her domicile.

Specifically, during her deposition, the Plaintiff testified as follows: "I work (in New Jersey) so I spent, you know, my days there. And we only come home on the weekends after work on Friday and we leave either Sunday night or early Monday morning because I have to go

back to work." (Pl.'s Dep., pg. 191).   Similarly, she later explained and testified,  "Well, we live in Cape May for all week and I <u>come home</u> to Pennsylvania on the weekends." (<u>Id</u>., p. 195).  Furthermore, referring to Pennsylvania, Plaintiff testified that,   ". . .my roots are here.  My friends are here.  My family is here." (Pl.'s Dep. Pg 207).  To further solidify her true domicile, when asked point blank where she lives, Plaintiff testified, "I still live up here in Hatboro and I live during the week at our shore home and <u>come home</u> on the weekends."(<u>Id</u>., p. 138).  Moreover, she testified that in 2002, she voted in Pennsylvania. (<u>Id</u>., p. 138).   Furthermore, in 2002, Plaintiff testified that she still filed her tax returns in Pennsylvania.  (<u>Id</u>. P. 138).  As the <u>Krasnov</u> Court indicates, exercise of political rights and payment of personal taxes are both significant indicia of a party's true intent.

     The above factors demonstrate Plaintiff's intent was to remain a resident of the Commonwealth of Pennsylvania at the time this complaint was filed.  The party invoking the Court's jurisdiction bears the burden of establishing that a new domicile has been acquired.  <u>Coggins v. Carpenter</u>, 468 F. Supp. 270 (E.D. Pa. 1979).  Moreover, in addition to demonstrating that she is a resident of the diverse state, plaintiff must also express, "an intent to remain there for the indefinite future". <u>Id</u>. at 277.

     In <u>Gaskin v. Mata Bhagwati Gayatri, Inc.</u>, 1987 U.S. Dist. LEXIS 5669 (E.D.Pa. 1987) aff'd on appeal, 1988 U.S. App. LEXIS 10279 (3d. Cir. 1988), the plaintiff similarly attempted to manufacture diversity jurisdiction by moving to the State of New Jersey.  However, as the plaintiff's deposition testimony in that case established, her intent was not to stay in New Jersey.  In dismissing the case for lack of subject matter jurisdiction, the Court explains, "what is necessary to the establishment of a new domicile has, in short, been described as an 'attitude of

5

attachment' to the new place of residence." *citing* <u>Avins v. Hannum</u>, 497 F.Supp. 930, 937( E.D. Pa. 1980).

In the instant case, plaintiff has failed to establish diversity of citizenship. Thusly, this case must be dismissed for lack of subject matter jurisdiction.

### B. Plaintiff Cannot Sustain a Cause of Action Under Article I § 28 of the Pennsylvania Constitution.

Plaintiff alleges a cause of action for "Violation of Plaintiff's Rights Under Article I § 28 of the Pennsylvania Constitution." However, there is no private right of action under Article I §28 for damages against a private employer. Article I § 28 of the Pennsylvania Constitution, commonly known as the Pennsylvania Equal Rights Amendment ("ERA"), provides as follows: "Equality of rights <u>under the law</u> shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual." Pa. Const. Art. I § 28 (emphasis added). When this Court visited this issue previously, it had been a case of first impression. If your Honor recalls, Defendants attempted to appeal this issue as they felt very strongly that there exists no private right of action. With the passage of time, two other learned jurists have opined on this same issue. Defendants respectfully requests that this Court revisit the Defendants' position in their Motion to Dismiss with respect to this issue.

The Supreme Court of Pennsylvania has yet to rule on the issue of whether there is a private right of action for damages under the state constitution ( regardless of the state action issue), but the other federal courts in this Circuit that have considered the issue have concluded that there is no such right under the Pennsylvania Constitution. Since this Court's decision in <u>Barrett v. Greater Hatboro Chamber of Commerce, Inc</u>., 2003 U.S. Dist. LEXIS 15498, Civ. A.

No. 02-CV-4421 (E.D. Pa. Aug. 19, 2003), two more Courts in the Eastern District of Pennsylvania have examined the issue of whether a private right of action for damages exists under the Pennsylvania state constitution. In <u>Ryan v. General Machine Products</u>, 277 F. Supp.2d 585 (E.D. Pa. 2003) the Honorable Judge Baylson held that Plaintiff's claims under the PERA fail as a matter of law because there is no private cause of action for damages under the state constitution. Thereafter, in <u>EEOC v. Lepore & Sons Company et.al.</u>, 2004 U.S. Dist. LEXIS 4842, Civ. A. No. 03-CV-5462 (E.D. 2004) the Honorable Judge Davis agreed with <u>Ryan</u>'s analysis and conclusion. These two decisions are consistent with numerous previous decisions in this Circuit which have concluded that there is no such right under the Pennsylvania Constitution.[1]   These decisions were rendered without regard to the issue of the existence or absence of state action. In <u>Barrett</u>, your Honor cited the following cases in support of your decision: <u>Pfeiffer v. Marion Ctr. Area Sch. Dist.</u>, 917 F.2dd 779 (3d.Cir. 1990), <u>Kemether v. Pennsylvania Interscholastic Athletic Association Inc.</u>, 15 F.Supp.2d 740 (E.D. Pa. 1998), <u>Imboden v. Chowns Communications Inc.</u>, 182 F.Supp. 453 (E.D. Pa.2002).  These cases all specifically address the issue of whether a Plaintiff may state a claim under the PERA <u>in the absence of state action</u>, not whether there is a private right of action for damages under the PERA, which is the issue at bar in this case.

      Furthermore, the Pennsylvania Human Relations Act sets forth jurisdictional requirements for a cause of action for sexual harassment and it is the <u>exclusive</u> remedy for such

---

[1] <u>Douris v. Schweiker</u>, 229 F. Supp.2d 391(E.D. Pa. 2002) (*citing* <u>Kelleher v. City of Reading</u>, No. 01-3386, 2001 U.S.Dist. LEXIS 14958, at *9-10 (E.D. Pa. Sept. 24, 2001) (*citing* <u>Dooley v. City of Philadelphia</u> 153 F.Supp.2d 628, 663 (E.D. Pa. 2001); <u>Sabitini v. Reinstein</u>, 1999 U.S. Dist. LEXIS 12820, No. 99-2393 (E.D. Pa. Aug. 20, 1999); <u>Hartford Acc. and Indem. Co. v. Insurance Com'r of Com.</u>, 505 Pa. 581, 482 A.2d 542 (1984), <u>Holder v. City of Allentown</u>, No.91-240, 1994 U.S. Dis. LEXIS 7220 at *11 (E.D. Pa. May 19, 1994) (all holding there is no private cause of action for damages under the PERA).

actions under Pennsylvania state law.  The state legislature imposed a jurisdictional limitation on any action brought pursuant to the Pennsylvania Human Relations Act, excluding employers with less than four employees.  In creating a new cause of action for sexual harassment, this Court implicitly granted said employees legal rights and remedies which are far greater than those provided under the Pennsylvania Human Relations Act.  For example, under the Pennsylvania Human Relations Act, there is no right to a jury trial, nor any right to recover punitive damages.  The decision to create a new cause of action will allow all employees to by-pass the PHRA and sue immediately in state court without exhausting administrative remedies and without said restrictions above.   Moreover, notably absent in the language of the PHRA is any reference to the remedy in the Pennsylvania Constitution.

Based on the foregoing, Summary Judgment should be entered in favor of the Defendants.

C.     **Defendants Aiken and Glantz Cannot be held Individually  Liable**

Defendants John J. (Bud) Aiken and Mickey Glantz are entitled to summary judgement as a matter of law.  Under the PERA, there is no private right of action against an individual.  Moreover, Defendants Aiken and Glantz were not employed by the Greater Hatboro Chamber of Commerce.

Comparing the PERA with Title VII, Defendants note that Sheridan v. E.I. Dupont de Nemours and Co., 100 F.3d 1061, 1077-78 (3d Cir. 1996), is the clearly established Third Circuit precedent which holds that there is no individual liability under Title VII.  Although it is true that the Circuits are split and that the United States Supreme Court has not ruled on this issue, it is clear that binding precedent in this circuit precludes such a claim.

Furthermore, unlike Title VII, the Pennsylvania Human Relations Act ("PHRA") does have a clause for Aiding and Abetting liability. Thus, Summary judgment must be entered in favor of the individual Defendants Aiken and Glantz.

## IV.     CONCLUSION

For all of the foregoing reasons, Defendants, the Greater Hatboro Chamber of Commerce, Inc., John J. (Bud) Aiken, and Mickey Glantz, respectfully request this Honorable Court to grant their Motion for Summary Judgment and dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

SIDNEY L. GOLD & ASSOCIATES, P.C.

/s/Sidney L. Gold, Esquire-SG1387
SIDNEY L. GOLD, ESQUIRE
Identification No.: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
**Attorneys for Defendants**

January 10, 2005