IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOLORES (DEE) BARRETT | : | |
| | : | |
| V. | : | CIVIL ACTION - LAW |
| | : | |
| THE GREATER HATBORO CHAMBER OF COMMERCE, INC.; JOHN J.(BUD) AIKEN, AND MICKEY GLANTZ | : : : | NO. 02 -cv-4421 JURY TRIAL DEMANDED |

**PLAINTIF'S ANSWER TO DEFENDANTS MOTION
FOR EVIDENTIARY HEARING
REGARDING PLAINTIFF'S NEW JERSEY DOMICILE**

1. Admitted. Oral Argument on said motion is scheduled for March 23, 2005 at 2:30 p.m.

2. Admitted.

3. Admitted and Denied as stated. Said Affidavit was not "unsubstantiated" nor did it contain factual assertions contradicting her deposition testimony on June 16, 2004. By way of further answer, discovery cutoff was May 17, 2004 but defense counsel was given the courtesy of a late deposition by plaintiff, one month after cutoff.

4. Denied.

5. Denied as stated. Said documents are all relevant and probative of Plaintiff's domicile. By way of further answer and reply, attached hereto are true and correct copies of Plaintiff's Federal income tax returns for 2002, filed April 3, 2003, and for 2003, filed February 29, 2004, both bearing her NJ address and further substantiating her New Jersey domicile. Plaintiff's tax

return for 2001 does not show her NJ address because it had to be filed on or before April 15, 2002 and at that time Plaintiff still lived in Hatboro PA. She did not move to NJ until on or about April 26, 2002 when she began her current job. Suit was filed July 3, 2002.

6. Denied. Plaintiff has been fully cross examined and bullied. Defense counsel had full time for discovery but failed to raise any question whatsoever concerning Plaintiff's domicile until June 16, 2004 when he finally took her deposition from 1:15 p.m. until 5:30 p.m., after the discovery cutoff and in the afternoon to accommodate his busy schedule. Mr. Gold stated at p. 239 he had no further questions. After the deposition he began verbally demanding Plaintiff's tax returns, a month after discovery had closed. Plaintiff had no obligation to provide him further discovery on this issue because he allowed the discovery period to lapse without raising the issue of domicile. Mr. Gold has waived further cross examination. Further, Mr. Gold's conduct toward Plaintiff at the deposition was argumentative and bullying, as he was grandstanding for a roomful of his clients and at least one spouse. He wanted to extend discovery several more months but Plaintiff's counsel refused because defendants were not forthcoming in providing discovery, and because this case is old enough. The requested income tax documents substantiating Plaintiffs domicile are attached.

7. Denied. An evidentiary hearing is not necessary; however, at the Oral Argument scheduled for March 23, 2005 Plaintiff will be in attendance should this Honorable Court have any questions. Plaintiff objects to questioning and/or cross examination by Mr. Gold because he never requested information or documentation regarding her NJ domicile during the discovery period, did not cooperate in discovery requested by Plaintiff, who had to file a Motion to

Compel, and now improperly seeks to reopen discovery to bully Mrs. Barrett. He has already cross-examined her at length on this issue, on June 16, 2004.

WHEREFORE, Plaintiff respectfully requests Defendants' Motion for Evidentiary Hearing be denied as moot and represents that she will attend Oral Argument on March 23, 2004 should the Court require any further information regarding domicile. Plaintiff further objects to the Defendants' Motion for Evidentiary Hearing, as the "wherefore" clause states that "Plaintiff" requests it, while it was filed on behalf of Defendants.

        Respectfully submitted,

        AFA2128

_____
Anita F. Alberts Esquire Id #28086
Counsel for Plaintiff Dee Barrett
The Atrium Suite 2 West
301 South Main Street
Doylestown PA 18901
(215) 340-0700
FAX (215)340-2747

Dated: February 11, 2005

### CERTIFICATION OF SERVICE

ANITA F. ALBERTS ESQUIRE hereby certifies that a true and correct copy of Answer to Defendants' Motion for Evidentiary Hearing Regarding Plaintiff's NJ Domicile was served to counsel for defendants at the address below by First Class Mail, on the date written below.

        Sidney L. Gold Esquire
        Sidney L. Gold Associates
        Eleven Penn Center
        1835 Market St. Suite 515
        Philadelphia PA 19103

_____(date)    _____
                                                      Anita F. Alberts Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOLORES (DEE) BARRETT | : | |
| | : | |
| V. | : | CIVIL ACTION - LAW |
| | : | |
| THE GREATER HATBORO CHAMBER OF COMMERCE, INC.; JOHN J.(BUD) AIKEN, AND MICKEY GLANTZ | : : : | NO. 02 -cv-4421 JURY TRIAL DEMANDED |

## ORDER

AND NOW, this _____ day of _____, 2005, upon consideration of Defendants' Motion for Evidentiary Hearing Relative to Plaintiff's Domicile in New Jersey, and Plaintiff's Answer thereto with attached federal income tax documents requested by defendants as substantiating Plaintiff's New Jersey domicile as stated in ¶6 of Defendant's Motion, Defendants' Motion for Evidentiary Hearing is denied as moot.

BY THE COURT,

_____
The Honorable Petrese Tucker
United States District Judge

Case 2:02-cv-04421-PBT    Document 33    Filed 02/14/2005    Page 5 of 5