IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOLORES (DEE) BARRETT, | : | CIVIL ACTION NO. |
| | : | 02-cv-4421 |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| THE GREATER HATBORO CHAMBER | : | **JURY TRIAL DEMANDED** |
| OF COMMERCE, INC., JOHN J. (BUD) | : | |
| AIKEN, and MICKEY GLANTZ, | : | |
| | : | |
| *Defendants.* | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO PRECLUDE RECOVERY OF ATTORNEY'S FEES**

**I.   INTRODUCTION:**

Plaintiff instituted the instant action in this Court on July 3, 2002. Plaintiff's Complaint asserts a claim under the Pennsylvania Equal Rights Amendment to the Pennsylvania Constitution for sexual harassment and retaliatory discharge. Plaintiff's Complaint includes a demand for attorney fees. Under Pennsylvania law, attorney's fees are not recoverable absent express statutory authorization. The Pennsylvania legislature has not provided for a recovery of attorney fees under the Pennsylvania Equal Rights Amendment to the Pennsylvania Constitution. Accordingly, the Court should grant the Defendants' Motion and preclude the Plaintiff from recovering attorney's fees.

**II.   ARGUMENT:**

In <u>Merlino v. Delaware County</u>, 556 Pa. 422; 728 A.2d 949 (1999), the

Pennsylvania Supreme Court ruled that there could be no recovery of attorney's fees from an adverse party absent an express statutory authorization, a clear agreement by the parties, or some other established exception. See also Chatham Communications, Inc. v. General Press Corp., 463 Pa. 292, 300-01, 344 A.2d 837, 842 (1975) (quoting Corace v. Balint, 418 Pa. 262, 271, 210 A.2d 882, 886-87 (1965)); In re Kling, 433 Pa. 118, 121, 249 A.2d 552, 554 (1969); Shapiro v. Magaziner, 418 Pa. 278, 280, 210 A.2d 890, 892 (1965). The Court further noted that had the legislature intended to permit recovery of attorney's fees, it could have so stated. Merlino, 556 Pa. At 426.

Furthermore, 42 Pa.C.S. §2503(10), Right of Participants to Receive Counsel Fees, provides that "a litigant is entitled to attorney's fees as part of the taxable costs, only in circumstances specified by statute heretofore or hereafter enacted."

In enacting the Pennsylvania Equal Rights Amendment to the Pennsylvania Constitution, the Pennsylvania legislature clearly did not explicitly authorize an award of attorney's fees. As such, the Court should preclude the Plaintiff from recovering attorney's fees in this case.

### III.  CONCLUSION:

For the reasons set forth herein, the Court should grant the Defendants' Motion and preclude the Plaintiff from recovering attorney's fees in this case.

Respectfully submitted,

SIDNEY L. GOLD & ASSOCIATES, P.C.

/s/ Sidney L. Gold, Esquire SG1387
SIDNEY L. GOLD, ESQUIRE
Identification No.: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
**Attorneys for Defendants**

Dated:      September 7, 2005