IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOLORES (DEE) BARRETT, | : | CIVIL ACTION NO. |
| | : | 02-cv-4421 |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| THE GREATER HATBORO CHAMBER | : | **JURY TRIAL DEMANDED** |
| OF COMMERCE, INC., JOHN J. (BUD) | : | |
| AIKEN, and MICKEY GLANTZ, | : | |
| | : | |
| *Defendants.* | : | |

**DEFENDANTS' PRE-TRIAL MEMORANDUM**

**I.   INTRODUCTION**

On or about July 3, 2002, Plaintiff filed a Civil Action Complaint alleging a violation of Article I §28 of the Pennsylvania Constitution and wrongful discharge in violation of public policy under the Pennsylvania Human Relations Act. The Court dismissed Plaintiff's claim for wrongful discharge on August 19, 2003, upholding only her claim under the Pennsylvania Constitution.

On January 10, 2005, Defendants filed a Motion for Summary Judgment. Thereafter, on August 19, 2005, this Court issued an order denying said Motion for Summary Judgment.

**II.   STATEMENT OF ALLEGED FACTS**

Plaintiff was the only employee of the Defendant Chamber of Commerce from in or about May of 1991 until October of 2000, when she resigned. Plaintiff alleges that during the course of her employment with the Defendant Chamber of Commerce, Defendant Aiken and Defendant

1

Glantz subjected her to conduct and verbal remarks she considered to be sexually offensive.

Defendants deny all such allegations. To the contrary, the Plaintiff and Defendants Bud Aiken and Mickey Glantz and all the members of the Chamber shared a friendship throughout her years at the Chamber which is evidenced by several notes, letters, and mutual invitations to family social events. Moreover, the Plaintiff never registered any complaints of said harassment with the Defendants. The first time the Defendants heard of these allegations was after Plaintiff resigned. The Defendants made a legitimate business decision to demote the Plaintiff to Chief Marketing Officer because her work performance as executive director was markedly unsatisfactory. She chose to resign in lieu of accepting this position. The Plaintiff was not terminated nor was there any retaliation visited upon Plaintiff.

### III.   DEFENDANTS' TRIAL WITNESSES

(1)   Plaintiff Dolores Barrett, as of cross-examination

(2)   Marshall (Mickey) Glantz, Defendant, former Past President of the Chamber

Defendant Glantz will testify as to his knowledge of the following : the legitimate business decision for demoting Plaintiff to Chief Marketing Officer, the fact that Plaintiff resigned in lieu of accepting the new position offered to her, Plaintiff's work performance and his denial of any of the sexual harassment allegations as set forth by Plaintiff.

(3)   John Wischum, Past President of the Chamber

Mr. Wischum will testify regarding the legitimate business decision to demote Plaintiff, to Chief Marketing Officer, the fact that Plaintiff resigned in lieu of accepting the new position offered to her, and Plaintiff's work performance.

(4)   John (Bud) Aiken, Defendant, former Board member

Defendant Aiken will testify as to his knowledge of the following : the legitimate business decision for demoting Plaintiff to Chief Marketing Officer, the fact that Plaintiff resigned in lieu of accepting the new position offered to her, Plaintiff's performance and his denial of any of the sexual harassment allegations as set forth by Plaintiff.

(5)     Frances Rambo, as of cross examination

(6)     Judge Gloria Inlander, as of cross-examination, subject to Defendants' Motion in Limine

(7)     Jean Heubach, as of cross-examination, subject to Defendants' Motion in Limine

(8)     James Barrett, as of cross-examination

(9)     Michael Dipalantino, as of cross examination, subject to Defendants' Motion in Limine

(10)    Ruth Bernstein, as of cross-examination, subject to Defendants' Motion in Limine

(11)    Peggy Peak, as of cross-examination

(12)    Beverly Miller, member of the Board at the time of Plaintiff's demotion and resignation

Defendant Miller will testify regarding the Board's vote to demote the Plaintiff to Chief Marketing Officer, the fact that Plaintiff resigned in lieu of accepting the new position offered to her, and Plaintiff's work performance.

(13)    Janan Radosin, as of cross-examination, subject to Defendants' Motion in Limine

(14)    Cathy Fullam, Accountant, Chamber member of Board, will testify as in depositon.

(15)    Elaine Beck, as of cross-examination, subject to Defendants' Motion in Limine

(16)    Tom Harbaugh, member of the Board at the time of Plaintiff's demotion and resignation

Mr. Harbaugh will testify regarding the Board's vote to demote the Plaintiff to Chief Marketing Officer, the fact that Plaintiff resigned in lieu of accepting the new position offered to her, and Plaintiff's work performance.

(17)   Joel Levin, member of the Board at the time of Plaintiff's demotion and resignation

Mr. Levin will testify regarding the Board's vote to demote the Plaintiff to Chief Marketing Officer, the fact that Plaintiff resigned in lieu of accepting the new position offered to her, and Plaintiff's work performance.

(18)   Bill Adams, member of the Board at the time of Plaintiff's demotion and resignation

Mr. Adams will testify regarding the Board's vote to demote the Plaintiff to Chief Marketing Officer, the fact that Plaintiff resigned in lieu of accepting the new position offered to her, and Plaintiff's work performance.

(19)   Kenny Bishop, member of the Board at the time of Plaintiff's demotion and resignation

Mr. Bishop will testify regarding the Board's vote to demote the Plaintiff to Chief Marketing Officer, the fact that Plaintiff resigned in lieu of accepting the new position offered to her, and Plaintiff's work performance, including complaints he made about Plaintiff's work performance.

(20)   Joseph Tryon, member of the Board at the time of Plaintiff's demotion and resignation

Mr. Tryon will testify regarding the Board's vote to demote the Plaintiff to Chief Marketing Officer, the fact that Plaintiff resigned in lieu of accepting the new position offered to her, and Plaintiff's work performance.

(21)   Lou Polaneczky, member of the Board at the time of Plaintiff's demotion and resignation

Mr. Polaneczky will testify regarding the Board's vote to demote the Plaintiff to Chief Marketing Officer, the fact that Plaintiff resigned in lieu of accepting the new position offered to her, and Plaintiff's work performance.

(22)   Robert John, Legal Advisor

Mr. John will testify regarding the Board's vote to demote the Plaintiff to Chief Marketing Officer, the fact that Plaintiff resigned in lieu of accepting the new position offered to her, and Plaintiff's work performance.

(23)   Defendants reserve the right to call any of the witnesses listed by the Plaintiff.

**IV.   DEFENDANTS' TRIAL EXHIBITS**

(1)    Plaintiff's Federal complaint filed in the Eastern District of Pennsylvania.

(2)    Plaintiff's State Court complaint filed in the Court of Common Pleas, Montgomery County

(3)    Plaintiff's responses to Defendants interrogatories

(4)    Letter from Plaintiff to Bud, dated April 10, 1996

(5)    Letter from Plaintiff to Mickey Glantz, dated March 18, 1998

(6)    Letter from Plaintiff to Mickey Glantz, dated February 12, 1998

(7)    Article "Hats off to Bud Aiken"

(8)    Handwritten letter from Plaintiff to Defendant Bud Aiken, Re: lunch in May of 1996

(9)    Handwritten letter from Plaintiff to Defendant Bud Aiken, dated June 1996

(10)   Handwritten letter from Plaintiff to Defendant Bud Aiken, dated August 8, 1994

(11)   A copy of pictures and program for the wedding of Nancy Jane Aiken & Scott Patrick Robel

(12)   Handwritten letter from Plaintiff to Bud Aiken Re: Thanks for the Christmas Bonus, dated 12/1996

(13)   Letter from Plaintiff to Defendant Bud Aiken, dated October 1, 1997

(14)   Letter/Memo from Defendant Bud Aiken to Plaintiff dated October 10, 1997

(15) Handwritten letter from plaintiff to Bud Aiken, dated October 10, 1997

(16) Wedding program for the wedding of Dana Lenore Wert and David Anthony DiPalantino

(17) Handwritten letter from Plaintiff to Defendant Bud Aiken Re: Thank you, dated December 1997

(18) Handwritten letter from Plaintiff to Defendant Bud Aiken, dated December 1999

(19) Postcard from Plaintiff to Defendant Bud Aiken, dates February 22, 2000

(20) Handwritten letter from Plaintiff to Defendant Bud Aiken, dated August 2000, Re: "Thank you so much for your help on Sunday at the dunking booth".

(21) Emails from Plaintiff to Defendant Bud Aiken, dated August 21, 2000

(22) Email from Plaintiff to Defendant Bud Aiken, dated August 23, 2000

(23) Email from Plaintiff to Defendant Bud Aiken, dated August 28, 2000

(24) Email from Plaintiff to Defendant Bud Aiken, dated August 29, 2000

(25) Email from Plaintiff to Defendant Bud Aiken dated September 11, 2000

(26) Handwritten note from Mr. And Mrs. Joseph DiPalantino III, dated October 2000

(27) Document entitled "Calls on Hatboro Chamber Phone by Delores A. Barrett

(28) Email from Plaintiff to Defendant Bud Aiken, dated August 21, 2000 at 4:25:07pm Eastern Daylight Time

(29) Internet printouts of people searches for M Curry, Popular Club Plan, Victorian Florist of Clifton, People Search for Angela Curry and a list of various Chambers of Commerce

(30) Board Meeting Minutes for October 17, 2000 Board Meeting

(31) Board Meeting Minutes for December 12, 2000 Board Meeting

(32) Press Release Re: Bud Aiken appointed as Chief Operating Officer

6

(33)   Board Meeting Minutes for January 8, 2001 Board Meeting re: Appointing Barbara Davis as Event Coordinator

(34)   Board Meeting Minutes for March 16, 2001 Special Meeting

(35)   Board Meeting Minutes for August 14, 2001 Board Meeting

(36)   Memo to Joe Tryon From Bud Aiken Re: Realignment of Office Responsibilities, dated December 18, 2001

(37)   Greater Hatboro Chamber of Commerce Profit & Loss Previous Year Comparison- Cash Basis– March through December 2001

(38)   Board Meeting Minutes for June 25, 2002 Ful Board of Directors Meeting

(39)   Greater Hatboro Chamber of Commerce Profit & Loss Previous Year Comparison- Cash Basis– March through May 2002

(40)   Letter from John Wischum, President of Chamber of Commerce dated August 8, 2000

(41)   Packet of documents re: Plaintiff's Herbalife purchases from Defendant Aiken from 1996 to 2000

(42)   Defendants reserve the right to utilize all exhibits listed by the Plaintiff.

V.    **ESTIMATE OF TRIAL TIME**

Two weeks.

                      SIDNEY L. GOLD & ASSOCIATES, P.C.

              By: /s/Sidney L. Gold, Esquire SG1387
                  SIDNEY L. GOLD, ESQUIRE
                  I.D. NO: 21374
                  1835 Market Street, Suite 515
                  Philadelphia, PA 19103
                  (215) 569-1999
                  Attorneys for the Defendants

Dated: September 9, 2005