IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOLORES (DEE) BARRETT, | : | CIVIL ACTION NO. |
| | : | 02-cv-4421 |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| THE GREATER HATBORO CHAMBER | : | **JURY TRIAL DEMANDED** |
| OF COMMERCE, INC., JOHN J. (BUD) | : | |
| AIKEN, and MICKEY GLANTZ, | : | |
| | : | |
| *Defendants.* | : | |

## DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

Defendants, The Greater Hatboro Chamber of Commerce, Inc., John J. (Bud) Aiken, and Mickey Glantz, by and through their counsel, Sidney L. Gold & Associates, P.C., hereby file Defendants' Motion to Strike Plaintiff's Jury Demand. In support thereof, Defendants aver the following:

1.     Plaintiff instituted the instant action in this Court on July 3, 2002. Plaintiff's Complaint asserts a claim under the Pennsylvania Equal Rights Amendment to the Pennsylvania Constitution for sexual harassment and retaliatory discharge.

2.     Plaintiff's Complaint includes a demand for a jury trial.

3.     The Pennsylvania legislature has not afforded an individual a right to a jury trial under the Pennsylvania Equal Rights Amendment to the Pennsylvania Constitution.

      **WHEREFORE**, Defendants respectfully request that the Court strike the Plaintiff's demand for a jury trial.

                                        Respectfully submitted,

                                        SIDNEY L. GOLD & ASSOCIATES, P.C.

                                        /s/ Sidney L. Gold, Esquire SG1387
                                        SIDNEY L. GOLD, ESQUIRE
                                        Identification No.: 21374
                                        1835 Market Street, Suite 515
                                        Philadelphia, PA 19103
                                        (215) 569-1999
                                        **Attorneys for Defendants**

Dated:       September 9, 2005

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOLORES (DEE) BARRETT, | : | CIVIL ACTION NO. |
| | : | 02-cv-4421 |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| THE GREATER HATBORO CHAMBER | : | **JURY TRIAL DEMANDED** |
| OF COMMERCE, INC., JOHN J. (BUD) | : | |
| AIKEN, and MICKEY GLANTZ, | : | |
| | : | |
| *Defendants.* | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO STRIKE PLAINTIFF'S JURY DEMAND**

**I.     INTRODUCTION:**

Plaintiff instituted the instant action in this Court on July 3, 2002. Plaintiff's Complaint asserts a claim under the Pennsylvania Equal Rights Amendment to the Pennsylvania Constitution for sexual harassment and retaliatory discharge. Plaintiff's Complaint includes a demand for jury trial. Under Pennsylvania law, a jury trial is not available absent express statutory authorization. The Pennsylvania legislature has not afforded the right to a jury trial under the Pennsylvania Equal Rights Amendment to the Pennsylvania Constitution. Accordingly, the Court should grant the Defendants' Motion and strike the Plaintiff's demand for a jury trial.

**II.    ARGUMENT:**

It is well established law in the Commonwealth of Pennsylvania that the General Assembly may enact legislation providing for a trial by jury for any cause of action. However, where legislation does not provide for a trial by jury, a statutory action shall be tried without a

jury unless Article I, Section 6 of the Pennsylvania Constitution guarantees a jury trial. Ihnat v. Pover, 2003 WL 22319459 (Pa. Com. Pl. 2003) (unreported) (a copy of this opinion is attached hereto and marked as Exhibit "A").

Article I, Section 6 of the Pennsylvania Constitution requires a jury trial only where the common law provided for a jury trial in 1790. In determining whether a statutory action is governed by Article I, Section 6, a court must determine whether the causes of action residing in the litigation existed at the time the Constitution was adopted in 1790 and if so, whether there existed a right to a jury trial for these causes of action. See Mishoe v. Erie Insurance Co., 824 A.2d 1153 (Pa. 2003) (a party is not entitled to a jury trial in an action for bad faith against an insurer because the cause of action did not exist at the time of the adoption of the Pennsylvania Constitution); Wertz v. Chapman Township, 559 Pa. 630, 741 A.2d 1272 (Pa. 1999) (a plaintiff seeking money damages under the Pennsylvania Human Relations Act was not entitled to a jury trial because no cause of action for sexual harassment existed in 1790); and Commonwealth v. One (1) 1984 Z-28 Camaro Coupe, 530 Pa. 523, 610 A.2d 36 (Pa. 1992) (the owner of property subject to forfeiture under the Controlled Substances Forfeitures Act was entitled to a jury trial because there was a right to a jury trial in forfeiture actions in 1790).

In the instant case, the Pennsylvania General Assembly, in enacting the Pennsylvania Equal Rights Amendment, did not provide a right to a jury trial. Accordingly, the Court must examine the underlying theories asserted in Plaintiff's case. Plaintiff asserts claims of hostile work environment sexual harassment and retaliatory termination. Clearly, these causes of action did not exist in 1790 when the Pennsylvania Constitution was adopted. As such, the Plaintiff is not entitled to a jury trial in this case.

### III. CONCLUSION:

For the reasons set forth herein, the Court should grant the Defendants' Motion and strike the Plaintiff's jury demand.

                                                  Respectfully submitted,

                                                  SIDNEY L. GOLD & ASSOCIATES, P.C.

                                                  <u>/s/ Sidney L. Gold, Esquire SG1387</u>
                                                  SIDNEY L. GOLD, ESQUIRE
                                                  Identification No.: 21374
                                                  1835 Market Street, Suite 515
                                                  Philadelphia, PA 19103
                                                  (215) 569-1999
                                                  **Attorneys for Defendants**

**Dated:**        **September 9, 2005**