IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOLORES (DEE) BARRETT, | : | CIVIL ACTION NO. |
| | : | 02-cv-4421 |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| THE GREATER HATBORO CHAMBER | : | **JURY TRIAL DEMANDED** |
| OF COMMERCE, INC., JOHN J. (BUD) | : | |
| AIKEN, and MICKEY GLANTZ, | : | |
| | : | |
| *Defendants.* | : | |

**DEFENDANT GREATER HATBORO CHAMBER OF COMMERCE'S
MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE OF
<u>ALLEGED SEXUAL HARASSMENT</u>**

Defendant, the Greater Hatboro Chamber of Commerce, ("GHCC") by and through its counsel, Sidney L. Gold & Associates, P.C., respectfully moves this Court for an Order granting Defendant's Motion in Limine to exclude all evidence of alleged sexual harassment as the Plaintiff cannot prove respondeat superior liability on the part of Defendant GHCC. Defendant GHCC incorporates by reference its Brief in Support of Defendant's Motion in Limine as though fully set forth at length herein.

**WHEREFORE**, Defendant GHCC respectfully requests that the Court exclude all evidence of alleged sexual harassment.

Respectfully submitted,

SIDNEY L. GOLD & ASSOCIATES, P.C.

<u>/s/ Sidney L. Gold, Esquire SG1387</u>
SIDNEY L. GOLD, ESQUIRE
Identification No.: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
**Attorneys for Defendants**

Dated:        September 9, 2005

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOLORES (DEE) BARRETT, | : | CIVIL ACTION NO. |
| | : | 02-cv-4421 |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| THE GREATER HATBORO CHAMBER | : | **JURY TRIAL DEMANDED** |
| OF COMMERCE, INC., JOHN J. (BUD) | : | |
| AIKEN, and MICKEY GLANTZ, | : | |
| | : | |
| *Defendants.* | : | |

**DEFENDANT GREATER HATBORO CHAMBER OF COMMERCE'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE OF
<u>ALLEGED SEXUAL HARASSMENT</u>**

**I.    INTRODUCTION:**

It is anticipated that at the trial of this case, the Plaintiff will present evidence that Defendants Bud Aiken ("Aiken") and Mickey Glantz ("Glantz") subjected her to numerous instances of sexual harassment. It is further anticipated that the Plaintiff will argue that, as a result of the alleged inappropriate conduct by Aiken and Glantz, the Plaintiff was subjected to a hostile work environment during the course of her employment with Defendant The Greater Hatboro Chamber of Commerce ("GHCC"). However, given the fact that Plaintiff never complained to the GHCC about the alleged inappropriate conduct by Aiken and Glantz, neither of whom were Plaintiff's supervisors or employees of the GHCC, she is unable to establish a hostile work environment as a matter of law. Accordingly, Defendant GHCC respectfully requests that the Court exclude all evidence of alleged sexual harassment from the trial of this case.

II.   **ARGUMENT:**

To successfully establish a claim for a hostile work environment, the Plaintiff must prove five factors: (1) she suffered intentional discrimination because of her sex; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the Plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) the existence of respondeat superior liability. Weston v. Commonwealth of Pennsylvania, 251 F.3d 420, 426 (3rd Cir. 2001).

To satisfy the fifth prong, respondeat superior liability, the Plaintiff must be able to establish that the GHCC either knew or should have known of the alleged harassment and failed to take prompt remedial action after having been put on notice. Id. at 427. In the instant action, it is anticipated that Plaintiff will testify that she submitted two written complaints regarding alleged sexual harassment, one complaint to Aiken on April 10, 1996 and one complaint to Glantz on March 18, 1998. Notwithstanding this fact, at the time the complaints were allegedly submitted, neither Aiken nor Glantz were officers, supervisors, or employees of the GHCC. Accordingly, the GHCC was never put on notice of the alleged sexual harassment and was never given an opportunity to take remedial measures. As such, the GHCC cannot be held liable for sexual harassment that it was not aware of.

It is additionally significant to note that although Courts have permitted an employee to sue an employer after having been sexually harassed by a non-employee, an employer **cannot** be held liable unless a plaintiff can prove that the employer knew or should have known of the conduct and fails to take immediate and appropriate action. 29 C.F.R. §1604.11(e). See also Rodriguez-Hernandez v. Miranda-Velez, 132 F.3d 848 (1st Cir. 1998); Crist v. Focus Homes, Inc., 122 F.3d 1107 (8th Cir. 1997); Folkerson v. Circus Circus Enter., Inc., 107 F.3d 754,756 (9th Cir. 1997); Lockard v. Pizza Hut, Inc., 162 F.3d 1062, 1073-74 (10th Cir. 1998); Sabo v. Lifequest, Inc., 1996 U.S. Dist. LEXIS 14971, No. CIV.A. 95-3757, 1996 WL 583169 (E.D. Pa.

Oct. 8, 1996); <u>Halberg v. Eat'n Park</u>, 1996 U.S. Dist. LEXIS3573, No. 94-1888, 1996 WL182212 (W.D. Pa. Feb. 28, 1996).

III.     **CONCLUSION:**

Given the fact that the Plaintiff never put the GHCC on notice of the alleged sexual harassment by Aiken and Glantz, non-employees of the GHCC, Plaintiff cannot maintain a claim against the GHCC for hostile work environment sexual harassment. Ergo, Defendant GHCC respectfully requests that the Court exclude from trial all evidence relating to any allegations of sexual harassment of the Plaintiff.

                    Respectfully submitted,

                    SIDNEY L. GOLD & ASSOCIATES, P.C.

                    /s/ Sidney L. Gold, Esquire SG1387
                    SIDNEY L. GOLD, ESQUIRE
                    Identification No.: 21374
                    1835 Market Street, Suite 515
                    Philadelphia, PA 19103
                    (215) 569-1999
                    **Attorneys for Defendants**

Dated:     September 9, 2005