**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DOLORES (DEE) BARRETT, | : | CIVIL ACTION NO. |
| | : | |
| *Plaintiff,* | : | 02-CV-4421 |
| | : | |
| v. | : | |
| | : | |
| THE GREATER HATBORO CHAMBER | : | **JURY TRIAL DEMANDED** |
| OF COMMERCE, INC., JOHN J. (BUD) | : | |
| AIKEN, and MICKEY GLANTZ, | : | |
| | : | |
| *Defendants.* | : | |

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANTS' MOTION IN LIMINE
TO PRECLUDE EVIDENCE**

Defendants Greater Hatboro Chamber of Commerce, Inc., John J. (Bud) Aiken, and

Mickey Glantz (collectively, the "Defendants") hereby file this memorandum of law in support

of their Motion in Limine to Preclude Evidence:

**I.    INTRODUCTION**

This action arises out of Plaintiff, Dolores Barrett's employment with Defendant, The

Greater Hatboro Chamber of Commerce and is brought pursuant to Article I §28 of the

Pennsylvania Constitution.  Plaintiff was employed with Defendant Chamber of Commerce from

May of 1991 until in or about October of 2000.  Plaintiff alleges that from the time of her hire

until the time of her termination, Defendant Aiken subjected her to instances of conduct and

verbal remarks which she considered to be sexually offensive.  Plaintiff further alleges that she

opposed the aforesaid alleged sexually offensive remarks and conduct and that Defendants

retaliated against her.  Defendants deny all such allegations.  Furthermore, the Defendants had a

legitimate business reason for demoting the Plaintiff, namely, that her work performance was

unsatisfactory.

It is anticipated from Plaintiff's Pre-Trial Memorandum that Plaintiff intends to call

several witnesses to testify to information that is either (1) not relevant; (2) is hearsay; and (3)

will only serve to prejudice the Defendants and confuse the jury.  On this basis, the Defendants

object to the following individuals' testimony: Judge Gloria Inlander, Michael DiPalantino, and

Janan Radosin.

## II.    TESTIMONY OF JUDGE GLORIA INLANDER

It is anticipated that Plaintiff will call Judge Gloria Inlander, a Member of the Chamber

Board during the 2002 reorganization.  Plaintiff's Pre-trial Memorandum anticipates that she will

testify to:

> "Plaintiff's integrity and community spirit and her concern that she would lose her job
> if she made public ongoing harassment of Aiken and Glantz.  She will describe her
> opposition to the 2002 "reorganization" and recognition of the retaliatory discrimination
> underlying the process."

Defendants object to this testimony and/or any evidence regarding this subject matter in

that it is not relevant and will only serve to prejudice and confuse the jury.  Rule 402 of the

Federal Rules of Evidence, provides that  "all relevant evidence is admissible . . . Evidence

which is not relevant is not admissible."   The definition of relevant evidence in Rule 401

provides: evidence having any tendency to make the existence of any fact that is of consequence

to the determination of the action more or less probable than it would be without the evidence.

Plaintiff's reputation and/or character are of no consequence to the determination of the

2

action, therefore, this witness and her anticipated testimony have no bearing on whether or not Plaintiff was sexually harassed and/or retaliated against as alleged in her complaint. Ms. Inlander did not witness any of the alleged events of harassment, therefore her testimony would be irrelevant.

Assuming *arguendo*, that Ms. Inlander's testimony is marginally relevant, any probative value they may have is substantially outweighed by the danger of unfair prejudice to Defendant and confusion to the jury. Permitting the admission of such testimony would confuse and mislead the jury and has no bearing on Plaintiff's claims in this lawsuit.

Federal Rule of Evidence 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." In determining the admissibility of evidence, the court must balance the probative value of the evidence against the harm that is likely to result from its admission. If the evidence is prejudicial and unfair, so that it would tend to suggest a decision on an improper basis, it should be excluded. Lanni v. State of New Jersey, 177 F.R.D. 295, 301-02 (D.N.J. 1998).

Under F.R.E. 403, even relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." F.R.E. 403; Spain v. Gallegos, 26 F.3d 439 (3d Cir1994). Evidence therefore must be excluded when, if admitted, it would lead to litigation of collateral issues, creating side issues which might distract the jury from the main issues at hand. *Id*.

3

Accordingly, based on the foregoing, the testimony of Ms. Inlander should be excluded.

**III.    TESTIMONY OF MICHAEL DIPALANTINO**

According to Plaintiff's Pre-trial Memorandum, it is anticipated that Plaintiff will call one Michael DiPalantino, Plaintiff's son.  Plaintiff's Pre-trial Memorandum anticipates that he will testify to the following:

> "Was aware of Plaintiff's problems with Aiken. Volunteered on the Parade Committee. Aware that Plaintiff kept her harassment problems from Mr. Barrett.  Aiken asked Michael to invite him to his wedding, which he did along with others connected with the Chamber.  Shocked when Aiken took her job."

Defendants also object to this testimony or any evidence regarding this subject matter in that it is not relevant and will only serve to prejudice and confuse the jury in accordance with Rule 401-403 above. Mr. DiPalantino did not witness any of the events alleged by Plaintiff, therefore, he has no first hand knowledge of material facts of the case.

Furthermore, anything that Plaintiff told to Mr. DiPalantino would be hearsay and would have to fall within an exception to be admitted.  Rule 802 provides that hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.  In Rule 801 (c), Hearsay is defined as a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.  See Cardon v. Westinghouse Elec. Corp., 850 F.2d 996, 1002 (3d Cir. 1998) (reversing judgment for plaintiff where the district court allowed a supervisor's double hearsay statement that "they wanted a younger person" in support of plaintiff's age discrimination claim). Furthermore, none of this anticipated testimony falls within

any of the hearsay exceptions.

**IV.    TESTIMONY OF JANAN RADOSIN**

Defendants anticipate that Plaintiff will call one Janan Radosin, a former employee of the

Defendant Bud Aiken, to testify at trial. Plaintiff's Pre-trial memorandum details the following

as the content of anticipated testimony:

> "Formerly employed by Bud Aiken and experienced unwanted touching by him,
> when she was in high school. Worked in Aiken's home office. She does not know
> Plaintiff, but contacted counsel when she saw a news story about this case. Aiken
> asked her to go out with him; she refused. Finally, he touched her again and she
> shouted at him, and said, "I don't want you to touch me anymore! Im sick of you
> putting your hands on me!" and walked out. Was let go the following day. Came
> forward because she expected Aiken Would deny Ms. Barrett's allegations, and does
> not want him to get away with it this time."

Defendants object to the introduction of this evidence in that it is not relevant, it is

hearsay, and the allegations took place too remote in time. Ms. Radosin was not employed by the

Chamber of Commerce at any time and did not witness any of the allegations of sexual

harassment or retaliation as alleged by Plaintiff, in fact as stated above, Ms. Radosin does not

know the Plaintiff. Testimony regarding allegations from her of Defendant Bud Aiken harassing

her over thirty (30) years ago is not at all relevant and in accordance with Rule 401-402 above,

must be excluded.

Furthermore, the alleged events occurred over fifteen years ago which is clearly too

remote in time to be of any probative value. Evidence of other allegedly discriminatory acts that

are either remote in time or dissimilar to the Plaintiff's claims are not relevant. Stair v. Lehigh

Valley Carpenters Local Union No. 600, 813 F. Supp. 1116, 1119 (E.D.Pa. 1993) Furthermore,

the balancing act of Rule 403 would also bar the introduction of this evidence as it would be severely prejudicial to Defendants.

In Moorehouse v. Boeing Co., 501 F. Supp. 390, 393, 394 (E.D.Pa. 1980), the Court, in an age discrimination case, excluded evidence of five other individuals who were laid off and who were each maintaining their own age discrimination claims against the Defendant on the grounds that such evidence would be unfairly prejudicial to the Defendant and would confuse the jury as to the issues at hand.

Moreover, the evidence cannot come in under Rule 404, which provides : Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion.  While evidence of past sexual harassment may be admitted to prove discriminatory intent, that evidence must still satisfy the relevancy requirement.   Wilson v. Muckala, 303 F.3d 1207, 1217 (10th Cir. 2002.) The Court must balance the probative value of the evidence and the potential for unfair prejudice.

Additionally, all evidence regarding alleged harassment about which the plaintiff was unaware is not admissible because the plaintiff could not have perceived it to be abusive or harassing. Burnett v. Tyco Corp., 203 F.3d 980, 981 (6th Cir. 2000)(hostile actions of which plaintiff was unaware were not relevant to her claim of hostile work environment); Abeita v. TransAmerica Mailings, 159 F.3d 246, 249 (6th Cir. 1993)(dismissing as irrelevant testimony concerning harassment about which plaintiff knew nothing during her employment); Mason v. Southern Illinois University at Carbondale, 233 F.3d 1036, 1046 (7th Cir. 2000) (Mean -spirited or derogatory behavior of which plaintiff is unaware, and thus never experiences, is not

"harassment" of the plaintiff (severe, pervasive, or other); <u>Brooks v. City of San Mateo</u>, 229 F.3d 917, 924 (9thCir. 2000)( "Harassment directed towards others of which an employee is unaware can, naturally, have no bearing on whether she reasonably considered her working environment abusive).

## V.    PRIOR BAD ACTS TESTIMONY OF RUTH BERNSTEIN, PEGGY PEAK, & ELAINE BECK

Inasmuch as Plaintiff plans to call several witnesses to testify at trial as to prior bad acts or harassment that allegedly occurred in the past involving Defendant Bud Aiken, Defendants request that such evidence and testimony be excluded given that it is not relevant to Plaintiff's sexual harassment claim and will only prejudice the jury.

As discussed above, all evidence regarding alleged harassment about which the plaintiff was unaware is not admissible because the plaintiff could not have perceived it to be abusive or harassing. <u>Burnett v. Tyco Corp</u>., 203 F.3d 980, 981 (6th Cir. 2000)(hostile actions of which plaintiff was unaware were not relevant to her claim of hostile work environment**).**

The issue at trial is whether Plaintiff suffered hostile work environment sexual harassment. If these witnesses testify as to prior bad acts or alleged harassment by Defendant Aiken, Defendants will be severely prejudiced.  Any probative value this testimony may have is substantially outweighed by the danger of unfair prejudice to Defendants and confusion to the jury of the issues at stake in this trial.

Furthermore, this is just the evil that 404(b) seeks to prevent.  See <u>Becker v. ARCO Chemical Co.</u>, 207 F.3d 176, 191-92 (3d. Cir. 2000) (the Court precluded the evidence of

Defendant's manner of terminating a previous employee because it is not relevant on the issue of whether Defendant discriminated against the Plaintiff absent the inference that Defendant had a propensity to act in a certain way, and that in firing Plaintiff, it acted in conformity with its prior conduct).

## VI.    EVIDENCE RELATING TO PLAINTIFF'S BACKPAY CLAIM IS INADMISSIBLE

Plaintiff intends to introduce as part of her claim for damages evidence regarding the amount of back pay or wage loss as the result of her resignation from the Defendant Chamber. Even if Plaintiff were able to prove sexual harassment, she is not entitled to present evidence as to her damages because she voluntarily resigned  from her position with the Defendant Chamber instead of taking the position of Chief Marketing Officer.  Defendants reached the decision to demote Plaintiff by unanimous vote of the Board because they had decided to reorganize the position and based on Plaintiff's unsatisfactory work performance which are legitimate business reasons.  Therefore, unless Plaintiff can prove that she was demoted in retaliation for having opposed said alleged harassment, which is highly unlikely given Plaintiff's admission that her only allegation of a complaint took place two years prior to her demotion, she cannot claim loss of wages or backpay.

Furthermore, assuming *arguendo*, Plaintiff can prove that she was demoted in retaliation for having registered complaints of harassment, she still cannot claim backpay because she failed to mitigate her damages properly.  She failed in two ways (1) she failed to take the demotion offered to her by the Defendants which would have provided her with a salary, thus, her damages

should be offset by said amount which she would have earned in those six months of unemployment; and (2) she failed to use reasonable diligence to secure a new position.

A plaintiff in a discrimination case is required to mitigate her damages. Maxfield v. Sinclair International, 766 F.2d 788, 794 n.5 (3d Cir. 1985), *cert. denied*, 474 U.S. 1057, 106 S.Ct. 796 (1986); Mason, 817 F.Supp. at 554. An award of back pay may be entirely eliminated if the plaintiff has not or could not have received off-setting income in the period subsequent to the alleged discrimination. Since mitigation of damages is required, "an employer is allowed to offset any amount that the employee did not actually receive, but should have received, if reasonably diligent." Mason, 817 F.Supp. at 554. Mitigation of damages is statutorily mandated, and Plaintiff cannot recover back pay if she failed to use reasonable diligence in attempting to secure a job equivalent to the one she lost. Booker v. Taylor Milk Co, Inc., 64 F.3d 860, 864 (3d Cir. 1995). Reasonable diligence requires that the plaintiff demonstrate "a continuing commitment to be a member of the work force and by remaining ready, willing, and available to accept employment." Booker, 64 F.3d at 865.

Clearly, Plaintiff did not exercise due diligence in her attempt to find a job after her termination or she would have obtained a position sooner than six months time. Her failure to mitigate her damages precludes any claim for back pay. If such recovery is not permitted, then the claimed damages are no longer an issue in the case and evidence relating those damages is inadmissible under Rule 402.

9

## VII.    <u>CONCLUSION</u>

_____For the foregoing reasons, Defendants respectfully request the Court to issue an order directing Plaintiff and her counsel that all of the above evidence is precluded from admission in this trial.


_____Respectfully submitted,

SIDNEY L. GOLD & ASSOCIATES, P.C.


BY: <u>/s/Sidney L.Gold, Esquire SG1387_____</u>
SIDNEY L. GOLD, ESQUIRE
I.D. NO: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
Attorneys for Defendants

Dated:          September 9, 2005