IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOLORES (DEE) BARRETT, | : | CIVIL ACTION NO. |
| | : | 02-cv-4421 |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| THE GREATER HATBORO CHAMBER | : | **JURY TRIAL DEMANDED** |
| OF COMMERCE, INC., JOHN J. (BUD) | : | |
| AIKEN, and MICKEY GLANTZ, | : | |
| | : | |
| *Defendants.* | : | |

## MOTION IN LIMINE TO EXCLUDE
## IMPROPER DOCUMENTARY EVIDENCE

Defendants, The Greater Hatboro Chamber of Commerce, Inc. John J. (Bud) Aiken, and Mickey Glanz, by and through their counsel, Sidney L. Gold & Associates, P.C., respectfully moves this Court for an Order granting Defendants' Motion in Limine to Exclude Improper Documentary Evidence as set forth below:

1. Defendant seeks to exclude from trial any and all evidence, including testimony, of Plaintiff and/or her self-serving witnesses that is either irrelevant or based on hearsay.

2. Specifically, the Plaintiff plans to introduce written statements from John Bethard (Pl. Ex. 20b), Robert McDowell (Pl. Ex. 20a), Parade Marshals (Pl. Ex.13), and Janan Radosin (Pl. Ex. 8). These statements were made without any first hand knowledge of Plaintiff's allegations.

3. Further, the Plaintiff plans to introduce a document pertaining to a settlement offer (Pl. Ex. 1), and a police report (Pl. Ex. 15), neither of which fall under any exception to the exclusionary rule.

4.	Defendants seek to exclude the above-referenced evidence pursuant to Federal Rules of Evidence 402, 403, 404, 408, and 801.

5.	Because the evidence lacks relevance and /or is hearsay and is prejudicial to the Defendants, the above-referenced evidence may, in an of itself, confuse and mislead the jury and lead the jury to enter a plaintiff's verdict without basing said decision on the merits of this case.

6.	Defendants request an evidentiary hearing in accordance with Rule 104(c) of the Federal Rules of Evidence.

**WHEREFORE**, the Defendants respectfully requests that any and all evidence regarding the above -mentioned evidence be excluded from trial.

Respectfully submitted,

SIDNEY L. GOLD & ASSOCIATES, P.C.


BY: /s/Sidney L. Gold, Esquire SG1387
   SIDNEY L. GOLD, ESQUIRE
   I.D. NO: 21374
   1835 Market Street, Suite 515
   Philadelphia, PA 19103
   (215) 569-1999
   **Attorney for the Defendants**

Dated:	September 9, 2005