IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOLORES (DEE) BARRETT, | : | CIVIL ACTION NO. |
| | : | |
| *Plaintiff,* | : | 02-CV-4421 |
| | : | |
| v. | : | |
| | : | |
| THE GREATER HATBORO CHAMBER | : | **JURY TRIAL DEMANDED** |
| OF COMMERCE, INC., JOHN J. (BUD) | : | |
| AIKEN, and MICKEY GLANTZ, | : | |
| | : | |
| *Defendants.* | : | |

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE
IMPROPER DOCUMENTARY EVIDENCE**

Defendants Greater Hatboro Chamber of Commerce, Inc., John J. (Bud) Aiken, and Mickey Glantz (collectively, the "Defendants") hereby file this memorandum of law in support of their Motion in Limine to Exclude Improper Documentary Evidence:

**I.   INTRODUCTION**

This action arises out of Plaintiff, Dolores Barrett's employment with Defendant, The Greater Hatboro Chamber of Commerce and is brought pursuant to Article I §28 of the Pennsylvania Constitution. Plaintiff was employed with Defendant Chamber of Commerce from May of 1991 until in or about October of 2000. Plaintiff alleges that from the time of her hire until the time of her termination, Defendant Aiken subjected her to instances of conduct and verbal remarks which she considered to be sexually offensive. Plaintiff further alleges that she opposed the aforesaid alleged sexually offensive remarks and conduct and that Defendants

retaliated against her. Defendants deny all such allegations. Furthermore, the Defendants had a legitimate business reason for demoting the Plaintiff, namely, that her work performance was unsatisfactory.

It is anticipated from Plaintiff's Pre-Trial Memorandum that Plaintiff intends to submit documents containing information that is either (1) not relevant; (2) is hearsay; (3) is an offer to settle or compromise; and (4) will only serve to prejudice and confuse the Defendants. On this basis, the Defendants object to the following documents: (a) Statement of Janan N. Radosin (Pl. Ex. 8); (b) Hatboro Police Report No. 00-004374 (Pl. Ex. 15); (c) statements of John Bethard (Pl. Ex. 20b), Robert McDowell (Pl. Ex. 20a), and Parade Marshal; and the (d) Separation Agreement.

## II.  STATEMENT OF JANAN N. RADOSIN

It is anticipated that Plaintiff will seek to introduce the written Statement of Janan N. Radosin (Pl. Ex. 8). This statement allegedly describes incidents occurring over 30 years ago while Ms. Radosin was employed by Defendant John J. (Bud) Aiken.

Defendants object to this testimony and/or any evidence regarding this subject matter in that it is hearsay, irrelevant and will only serve to prejudice and confuse the jury. Rule 802 defines hearsay as an out of court statement offered to prove the truth of the matter asserted. Plaintiff offers Ms. Radosin's written statement to prove that the actions she describes actually happened. Further, this statement does not fall under any of the exceptions under Rule 803 and, therefore, should be excluded.

Under Rule 402 of the Federal Rules of Evidence, "All relevant evidence is admissible...[e]vidence which is not relevant is not admissible." Rule 403 provides for the

exclusion of relevant evidence where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."

Not only is Ms. Radosin's statement hearsay, but it also constitutes irrelevant character evidence and is offered to show that Defendant Bud Aiken has a propensity for harassing female employees. Such evidence is impermissible under Rule 404(b) of the Federal Rules of Evidence. While such evidence may be admitted for other purposes under this Rule, Plaintiff bears the burden of articulating how the evidence fits into a chain of proper logical inferences. *Becker v. ARCO Chem. Co.*, 207 F.3d 176, 191 (3rd Cir. 2000.)

While evidence of past sexual harassment may be admitted to prove discriminatory intent, that evidence must still satisfy the relevancy requirement. *Wilson v. Muckala*, 303 F.3d 1207, 1217 (10th Cir. 2002.) The Court must balance the probative value of the evidence and the potential for unfair prejudice.

In this case, Ms. Radosin's statement, even if offered for a proper purpose, is neither relevant nor probative. The statement alleges acts occurring over 30 years ago, making it too remote in time to be helpful to a trier of fact. In *Hurley v. Atlantic City Police Department*, The Court held that evidence of harassment occurring ten to twenty years prior to the claimed harassment was improperly admitted because it was too distant in time. *Hurley*, 174 F.3d 95 (3rd Cir. 1999.) In that case, the prior harassment was alleged to have been perpetrated against the plaintiff. Here, the proffered statement alleges harassment that is not only remote in time (over 30 years) but also was perpetrated against someone other than the plaintiff.

As stated above, this statement is irrelevant to the determination of the action and has absolutely no probative value. It therefore must be excluded so as to not unfairly prejudice the

3

Defendants.

### III.  HATBORO POLICE REPORT

It is anticipated that Plaintiff will seek to introduce Police Report No. 00-004374 (Pl. Ex. 15.)  This report constitutes impermissible hearsay and does not fall under any enumerated exception under Rule 803.  As such it should be excluded.

While police reports are admissible under some circumstances, reports containing third party statements are not.  *U.S. v. Sallins*, 993 F.2d 344, 347 (3rd Cir. 1993); See also *Walker v. Spiller*, 1998 U.S. Dist. LEXIS 8428 at *14.  Such reports constitute double hearsay and require a separate exception to be admissible.  *Sallins*, 993 F.2d at 347.

The Hatboro Police Report offered by the Plaintiff consists entirely of a statement given by a third-party and is not the result of an investigation or the personal observations of the reporting officer.  As such, the report constitutes hearsay and is inadmissible.

### IV.  STATEMENTS OF JOHN BETHARD, ROBERT MCDOWELL, AND PARADE MARSHALS

It is anticipated that Plaintiff will seek to introduce the written statements of Robert McDowell (Pl. Ex. 20a), John Bethard (Pl. Ex. 20b), and the Parade Marshals (Pl. Ex. 13.)  These statements constitute irrelevant hearsay not within any exception and, as such, should be excluded.

The statements made by Bethard and McDowell are essentially letters of recommendation and are not probative of any material fact at issue in this case.  It is the view of Plaintiff's employer, not the subjective view of outsiders, that is material to her work performance and allegations of discrimination.  *See Waldron v. SL Industries, Inc.*, 56 F.3d 491, 498 (3rd Cir.

1995.) Further, these statements were made two years prior to Plaintiff's resignation, and are thus too remote in time to be probative.

The statement signed by the Parade Marshals is hearsay; in it, the declarants assert actions about which they have no first hand knowledge. It does not fall under any of the enumerated exceptions to the hearsay rule. Further, it contains impermissible references to Defendants character in violation of Rule 404 of the Federal Rules of evidence. All three statements are therefore inadmissible.

## V.     SEPARATION AND GENERAL RELEASE AGREEMENT

It is anticipated that Plaintiff will seek to introduce the Separation and General Release Agreement (Pl. Ex. 1.) This document was offered to the Plaintiff in an effort to negotiate a settlement or compromise, and as such is excluded under Rule 408 of the Federal Rules of Evidence.

Rule 408 states that evidence of offers of valuable consideration given in an effort to compromise a claim is not admissible to prove liability. The public policy behind this rule is to encourage "freedom of discussion with regard to compromise." *Affil. Manufacturers, Inc. v. Aluminum Co. of Amer.*, 56 F.3d 521, 526 (3rd Cir. 1995.) It is therefore improper to admit offers made by an employer in connection with negotiation and settlement of disputes arising after an employee's termination. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1290 (9th Cir. 2000.)

The Separation and General Release Agreement was offered to Plaintiff after her discharge and after she threatened to take legal action against the Defendants. It constitutes an effort to negotiate a settlement to avoid such legal action, and not as an admission of liability. It therefore falls squarely within the exclusionary rule and is inadmissible.

**V.     CONCLUSION**

For the foregoing reasons, Defendants respectfully request the Court to issue an order directing Plaintiff and her counsel that the above documents are inadmissible and counsel cannot present questions about, or make any reference to any of the above described irrelevant and/or hearsay evidence listed as expected testimony in Plaintiff's pre-trial memorandum.

Respectfully submitted,

SIDNEY L. GOLD & ASSOCIATES, P.C.


BY: /s/Sidney L. Gold, Esquire SG1387
SIDNEY L. GOLD, ESQUIRE
I.D. NO: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
**Attorney for Defendants**

**Dated:**     September 9, 2005