**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DOLORES (DEE) BARRETT, | : | CIVIL ACTION NO. |
| | : | 02-cv-4421 |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| THE GREATER HATBORO CHAMBER | : | **JURY TRIAL DEMANDED** |
| OF COMMERCE, INC., JOHN J. (BUD) | : | |
| AIKEN, and MICKEY GLANTZ, | : | |
| | : | |
| *Defendants.* | : | |

<u>**PROPOSED POINTS FOR CHARGE OF DEFENDANTS**</u>

Defendants, The Greater Hatboro Chamber of Commerce, Inc., John J. (Bud) Aiken, and

Mickey Glantz submit the following proposed points for charge. Defendants respectfully reserve

the right to amend and/or to supplement the points for charge at the close of evidence.

Respectfully submitted,

SIDNEY L. GOLD & ASSOC., P.C.

BY:/sSidney L. Gold, Esquire SG1387
SIDNEY L. GOLD, ESQUIRE
I.D.#: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
Attorney for Defendants

Dated: September 9, 2005

## DEFENDANTS' PROPOSED INSTRUCTION NO. 1

### Introduction

Members of the jury, I want to thank you for being very attentive throughout the trial. I would ask your continued attention for a short while longer while I explain to you the law that applies to this case.

The Plaintiff in this case is Dolores (Dee) Barrett. The Defendant is The Greater Hatboro Chamber of Commerce, Defendant John (Bud) Aiken, and Defendant Mickey Glantz.

I would remind you that the law does not recognize the personal status of a party. A corporation is entitled to the same fair trial at your hands as a private individual. All persons, including corporations, stand equal before the law and are to be dealt with as equals in this Court. When they come into federal court they have equal status whether they are private or corporate, minors or adults, black or white. They must be treated as equals regardless of their station in life.

If you are sympathetic or prejudiced in favor of or against any party, you should not allow that to influence you at all in your verdict. In your verdict you should be guided solely by the evidence and the instructions given you by the Court.

Members of the jury, I should remind you that simply because a defendant is sued does not mean that the defendant has done anything unlawful.

**DEFENDANTS' PROPOSED INSTRUCTION NO. 2**

**Rulings During Trial**

Counsel for both parties have made objections during the course of the trial and I have made rulings on those objections. You should not allow those objections or my rulings to affect your decision in this case. Bear in mind that the attorneys have a duty to object to evidence that they believe is inadmissible for any reason and that such objections should not be held against them or their clients. They are merely discharging their professional duties to the best of their ability.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 3

**Jury Sole Judges of Fact**

At the outset I wish to caution you that you are the sole judges of the facts in this case. As I have said, I will give you the law, which you must apply to this case, but you - - and only you - - must determine what the facts are. You should not reply upon any impressions that you have as to the Court's view of the facts of this case in making your decision. Your judgment of the facts should be your own unbiased judgment, uninfluenced by the Court except as you are bound to follow the law of the case as the Courts gives it to you.

It will always be your recollection that will be binding. If I make statements, which purport to be facts that are different from your independent recollection, it will always be your recollection that will be decisive and controlling. If I say something that is not your recollection, disregard it. Counsel may have said in their arguments that something is a fact. If that is not your recollection, disregard counsel's statement. The jury makes all findings of fact.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 4

**Function of the Court**

My function is to give you the law that applies to this case. It is your obligation and duty to follow the instructions I give you as carefully as you can. We all have some impression as to what the law may or may not be, but you must disregard all of those impressions and only follow the law as I instruct you.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 5

**Burden of Proof**

In the case we have before us, the Plaintiff has the burden of proving or establishing her case by what the law calls a "preponderance of the evidence." In a moment, I will instruct you as to what "preponderance of the evidence" means, but I would repeat that in this type of case the plaintiff has the burden of proof against the defendants it sues. Plaintiff may not prevail if she does not satisfy her burden of proof.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 6

### Preponderance of the Evidence

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, if you imagine a scale, the evidence must be such that it would tip the scale downward when weighed against the evidence opposing it.  Because the party bearing the burden of proof must tip the scales in his favor, if the scales under the weight of all of the evidence do not go down definitely to one side or the other, or are equally balanced, the preponderance of the evidence standard has not been satisfied.  I would caution you that the term "weight of the evidence" refers to the quality of evidence and not its quantity.  Your verdict must be based on such preponderance of the evidence as I have charged and cannot be a guess when you are uncertain as to where the more convincing evidence lies.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 7

### Circumstantial Evidence

In attempting to prove a case, both parties may rely on either direct evidence or circumstantial evidence. Therefore, in this case you must consider both of these types of evidence.

What is circumstantial evidence? Circumstantial evidence is proper and admissible evidence which consists of facts and circumstances surrounding a transaction from which the jury may infer other connected facts which reasonably follow according to the common experiences of mankind.

An example may help illustrate the difference between direct and circumstantial evidence. Assume that you wanted evidence that it had rained. Direct evidence of this fact would be the testimony of someone who had actually seen the rain fall. Circumstantial evidence, on the other hand, would be the testimony of one who had seen a rainbow, people with wet umbrellas and wet streets, pavements and cars.

I would emphasize again that you may equally consider both direct and circumstantial evidence in determining whether any party has satisfied her or its burden of proof.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 8

**Weight of Evidence and Number of Witnesses**

Also, the weight of the evidence is not necessarily determined by the number of witnesses presented by one side, or testifying to the existence or non-existence of a particular fact. As I will explain, you must determine the credibility or believability of the witnesses who testify in this case.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 9

### Credibility of Witnesses

It is for the jury and not the court to determine the credibility of witnesses.  You may judge the credibility of a witness by the manner in which he or she gives his or her testimony, his or her demeanor on the stand, the reasonableness of the witness' testimony, his or her means of gaining the knowledge as to any fact testified to, the interest of the witness in the outcome of the case, the feeling that a witness may have against one party or the other, or any circumstances tending the shed light upon the truth or falsity or such testimony.  Also, it is for you alone to say what weight you will give to the testimony of any and all witnesses.  If you believe that any witness has willfully testified falsely to any material fact of this case or has willfully exaggerated any evidence in the case, you are at liberty to disbelieve the testimony of that witness in whole or in part, taking into consideration all of the facts and circumstances of the case.

All of your life you have to create standards by which you will determine whether someone is telling the truth or whether they are describing facts accurately.  You should bear these experiences in mind in determining the credibility of each witness which you have heard.

You may find inconsistencies in the evidence.  Even actual contradictions in the testimony of witnesses do not necessarily mean that any witness has deliberately testified falsely.  Poor memory is not uncommon.  Sometimes a witness forgets; sometimes he or she remembers incorrectly.  It may also be true that two persons witnessing the same incident may see or hear it differently.

If different parts of the testimony of any witness or witnesses appear to be inconsistent, you, the jury, may try to reconcile the conflicting statements, whether of the same or different witnesses, and you should do so if you truly believe that the statements can be reconciled.

If, however, you decide that there is a genuine and irreconcilable conflict of testimony, it is your function and duty to determine which, if any, of the contradictory statements you will believe.

**DEFENDANTS' PROPOSED INSTRUCTION NO. 10**

**Impeachment by Prior Inconsistent Statement**

You may have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness' testimony at trial. Evidence of such a prior inconsistent statement is to be used for the limited purpose of determining whether the trial testimony of the witness is credible. If you find that a witness made an earlier statement which conflicts with the trial testimony you may consider that fact in deciding how much of the witness' testimony you believe.

It is for you to decide whether the prior statement is, in fact, inconsistent, and if so, how much weight is to be given it.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 11

**Statements of Counsel Not Evidence**

The statements and speeches of counsel, whether in opening and closing, in questions, in stating or arguing objections, or in arguing in court, are not evidence and I therefore instruct you not to consider such statements as evidence in the case before you.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 12

**Stipulations**

Statements and arguments are not evidence in the case, unless made as an admission or stipulation of fact.  When counsel on both sides stipulate to a fact, then the law deems that fact to be true for the purposes of the case, and you should accept that fact as established for your purposes.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 13

**Nature of Plaintiff's Claim - - Sexual Harassment**

Dolores Barrett, a former employee of the Defendant Chamber, claims that she was sexually harassed by Defendants Mickey Glantz and Bud Aiken, and suffered retaliation after reporting the harassment. The Defendants deny that the Plaintiff was sexually harassed. The Defendant Chamber further denies that it retaliated against Ms. Barrett for making a report of sexual harassment because the Defendant Chamber denies that it was ever put on notice of said harassment. Ms. Barrett was demoted for legitimate business reasons, based on her unsatisfactory work performance and prior

Ms. Barrett brings a claim under the Pennsylvania Constitution's Equal Rights Amendment.

## **DEFENDANTS' PROPOSED INSTRUCTION NO. 14**

**Law Prohibits ONLY Discrimination**

The law entitled the Defendants to treat Plaintiff, in what you may believe is an unfair manner, as long as her treatment was not based on sexual harassment or retaliation for registering a complaint of sexual harassment.  That is, it does not matter whether you agree with the reasons for what the Defendant did or whether you consider those reasons to be fair.  The Defendants and its officials had the right to be subjective in their treatment of Plaintiff, even if it seems to you shortsighted or narrow-minded, as long as that treatment did not constitute sexual harassment or retaliation.

In addition, an employer is entitled to apply neutral rules to its employees.  The implementation of, and adherence to neutral rules does not constitute discrimination.  Nor does the Pennsylvania Constitution offer protection from discipline for unsatisfactory performance or uncivil conduct in dealing with colleagues.

Garvey v. Dickinson Coll., 775 F. Supp. 788, 797 (M.D. Pa. 1991); Johnson v. Super Fresh Food Markets, 1998 U.S. Dist. Lexis 8288, at *17 (E.D. Pa. May 29, 1998).  Trainer v. Philadelphia National Bank, 541 F. Supp. 195, 200 (E.D. Pa. 1982), aff'd mem., 707 F.2d 1395 (3rd Cir. 1983); Loeb v. Textron, Inc., 600 F.2d 1003, 1012 n.6 (1st Cir. 1979); Bienkowski v. American Airlines, Inc., 851 F.2d 1503, 1507-08 (5th Cir. 1988); Stanojev v. Ebasco Services, Inc., 643 F.2d 914, 921-22 (2nd Cir. 1981); Miller v. General Electric Co., 562 F.Supp. 610, 617 (E.D. Pa. 1983).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 15

A hostile work environment exists, "when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Systems, Inc., 510 U.S. 17, 21, 126 L.Ed.2d 295, 114 S.Ct. 367 (1993). In order for conduct to be actionable under the statute, a sexually objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so. Faragher v. City of Boca Raton, 118 S.Ct. 2278 (1998).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 16

**Sexual Harassment in Employment - Defined**

Ms. Barrett has alleged that, as a result of Defendants' actions, she suffered a hostile employment environment.  In order to establish a hostile environment, she must demonstrate:

(1) she suffered intentional discrimination because of her sex; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) Defendants should be held liable for the discrimination.

You must first determine whether Ms. Barrett has proven the first four elements.  If you find that she has established those elements, then you must determine whether Defendants are responsible for the harassment.  Defendants Aiken and Glantz were not employed by the Chamber nor were they officers of the chamber at the time she allegedly registered complaints of the harassment.  Therefore, the chamber was not put on notice of said harassment.  If you find that the Chamber had no notice of the alleged harassment,  then you must find for the Defendant Chamber and against the Plaintiff.

**Authority**: <u>Kunin v. Sears Roebuck & Co.</u>, 175 F.3d 289, 294 (3rd Cir.), <u>cert. denied</u>, 120 S.Ct. 398 (1999).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 17

**Hostile Work Environment - Generally**

You can make a determination regarding whether the work environment was hostile or abusive only by looking at the circumstances as a whole. The types of factors you should take into account are the frequency of the conduct, its severity, whether it was physically threatening or humiliating, whether it unreasonably interfered with Ms. Barrett's job performance, and whether the conduct was unwelcome. You must weigh and sift through the facts to determine whether, taking everything into consideration, a reasonable woman in Ms. Barrett's position would have found the workplace at Defendants to be abusive because of discrimination on the basis of sex.

In other words, in order to establish a hostile work environment, Ms. Barrett must show that she perceived the environment to be hostile or abusive, and conditions must be such that a reasonable person would have the same perception.

**Authority**: Harris v. Forklift Sys., Inc., 510 U.S. 17; 114 S.Ct. 367 (1993); Konstantinopoulos v. Westvaco Corp., 112 F.3rd 710, 715 (3rd Cir. 1997), cert. denied, 522 U.S. 1128 (1998).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 18

**Sexual Harassment - Directed Verdict**

      I instruct you as a matter of law that Plaintiff has failed to show, by a preponderance of the evidence, that Defendants is liable for sexual harassment.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 19

**Constructive Discharge**

This case involves a constructive discharge, which is distinguished from a regular discharge (termination) in that it occurs "when the employer deliberately makes working conditions intolerable and drives the employee into an involuntary quit." Thus, a constructive discharge requires the employee's affirmative act of quitting whereas a regular discharge is accomplished by the employer's act of dismissing the employee.

For you to find that the Plaintiff was constructively discharged from her job at the Chamber, the Plaintiff must prove that the Chamber **knowingly** permitted conditions of sexual harassment so intolerable that a reasonable person subject to them would resign. You cannot find that the Plaintiff was constructively discharged unless you find that she had no choice but to resign.

[ NOTE:  *In the event the Court denies the Defendants' Motion in Limine and allows the Plaintiff to introduce Plaintiff's Exhibit #1 (Separation Agreement), Defendants request that the jury additionally be charged as follows:*  Furthermore, although you have heard testimony that the Chamber offered the Plaintiff a severance package, you are not permitted to base your determination on this one fact.  Suggestions or encouragement for an employee to resign is not enough evidence to establish a constructive discharge.]

Hancock v. Bureau of Nat'l Affairs, 645 A.2d 588, 589 (D.C. 1994)

Atlantic Richfield Co. v. District of Columbia Comm'n on Human Rights, 515 A.2d 1095, 1101 (D.C. 1986).

Goss v. Exxon Office Sys. Co., 747 F.2d 885, 888 (3d Cir. 1984).

Connors v. Chrysler Financial Corp., 160 F.3d 971, 976 (3d Cir. 1998).

Clowes v. Allegheny Valley Hosp., 991 F.2d 1159, 1161 (3d Cir. 1993).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 20

**Constructive Discharge - - Directed Verdict**

I instruct you as a matter of law that Plaintiff has failed to show by a preponderance of the evidence that Defendants constructively discharged her.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 21

**Retaliation Claim**

Plaintiff also claims that Defendants took an adverse employment action against her in retaliation for her complaints regarding the individual Defendants, Aiken and Glantz.

With respect to her retaliation claim, I instruct you that Plaintiff has the burden of showing you, by evidence which is convincing to you, each of the following things:

(1)    that she participated in a protected activity and that her participation was known to the chamber who decided to take adverse employment action against her;

(2)    that she was treated adversely contemporaneously with or within a **reasonable time** <u>after</u> she complained;

(3)    that "but for" the harassment complaint, she would have been treated differently. In other words, Plaintiff must prove a causal connection existed between her complaint of sexual harassment and the adverse employment action; and

(4)    that a retaliatory motive was a determining factor in the action or actions taken against her.

Plaintiff must prove each of these elements. The burden of proving that these actions were retaliatory rests and remains on the plaintiff. If she fails to establish any one of these elements by a preponderance of the evidence, you must find for Defendants. Ultimately, Plaintiff

must prove that retaliation was a determining factor.  For your purposes, "determining factor"

means that the, but for retaliation, the adverse employment action would not have occurred.

Watson v. SEPTA, 207 F.3d 207 (3rd Cir. 2000); Jalil v. Avdel Corp., 873 F.2d 701, 708 (3rd Cir.

1989), cert. denied, Avdel Corp. v. Jalil, 493 U.S. 1023 (1990); Moore v. Merrill Lynch, 56 FEP

Cases 1466, 1468 (D.N.J. 1991); Sogluizzo v. International Brotherhood of Teamsters, 514

F.Supp. 277, 280 (S.D.N.Y. 1981).

## **DEFENDANTS' PROPOSED INSTRUCTION NO. 22**

**Sincere Belief Insufficient**

In proving element 2 - that she was treated adversely after complaining - Ms. Barrett cannot rely on her beliefs about what happened. Although Ms. Barrett may sincerely believe that Defendants took an adverse action against her in retaliation for her allegedly complaining about harassment, that does not mean that Defendants did in fact retaliate against her. If Ms. Barrett proves only her sincere belief that Defendants retaliated against her, you must return a verdict for Defendants.

Quiroga v. Hasbro, 934 F.2d 497, 502 (3rd Cir. 1991), cert. denied, 112 S.Ct. 376 (1991).

**DEFENDANTS' PROPOSED INSTRUCTION NO. 23**

**Proximity in Time Insufficient**

If Plaintiff proves only that her demotion was after the filing of complaint, unless there is something unusually suggestive about the timing or some other factor, then you must find for Defendants. In this case, if Plaintiff is found to have registered a complaint at all, it was two years or four years before her demotion, and therefore very remote in time, therefore without some other evidence of a complaint closer in time to the demotion, you must find for the Defendant with regards to her retaliation complaint.

Quiroga v. Hasbro, 934 F.2d 497, 501 (3rd Cir. 1991), cert. denied, 112 S.Ct. 376 (1991).

**<u>DEFENDANTS' PROPOSED INSTRUCTION NO. 24</u>**

**<u>Retaliation - - Directed Verdict</u>**

I instruct you as a matter of law that Plaintiff has failed to show by a preponderance of the

evidence that Defendants retaliated against her for registering a harassment complaint.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 25

**Damages Determination**

I will now instruct you on the issue of damages.  My charges to you on the law of damages must not be taken as any indication that you should decide in favor of Plaintiff.  It is for you to decide, based on the evidence presented and the rules of law I give you, whether Ms. Barrett is entitled to recover anything from Defendants.  Only if you find that Ms. Barrett has proven by a preponderance of the evidence that Defendants subjected her to illegal sexual harassment and retaliation may you consider whether she is entitled to recover any damages.  If you decide that Defendants is not liable, your verdict will be for Defendants and you need go no further.

If you find that Ms. Barrett has proven each and every one of the elements that is essential to her claim by a preponderance of the credible evidence, you must then consider the issue of damages.  It is plaintiff's burden to prove the amount of her damages by a preponderance of the credible evidence.

Memphis Community School Dist. v. Stachura, 477 U.S. 299 (1986); Carey v. Pipus, 435 U.S. 247, 263-65 (1978); Eulo v. Deval Aerodynamics, Inc., 47 F.R.D. 35, 43 (E.D. Pa. 1969), modified on other grounds, 430 F.2d 325 (3rd Cir. 1970), cert. denied, 401 U.S. 974 (1971).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 26

**Prohibited Considerations Must Be Determinative Factor in Damages**

      In order to award damages to Plaintiff, you must determine that sex or retaliation was a determinative factor in causing her damages.

Watson v. SEPTA, 207 F.3d 207, 220 (3rd Cir. 2000); Miller v. CIGNA, 47 F.3d 586 (3rd Cir. 1995).

**DEFENDANTS' PROPOSED INSTRUCTION NO. 27**

**Damages Not For Purpose of Insuring Future**

      Damages in employment discrimination cases are not intended to insure Plaintiff's future

financial success, or to catapult her into a better position than she would have enjoyed in the

absence of any discrimination.


McKnight v. General Motors Corp., 973 F.2d 1366, 1371 (7th Cir. 1992), cert. denied, 507 U.S.
915 (1993); Ford Motor Co. v. EEOC, 458 U.S. 219, 234, 102 S.Ct. 3057, 3067, 73 L.Ed. 2d 721
(1982); Denton v. Boilermakers Local 29, 673 F.Supp. 37, 51 (D.Mass. 1987).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 28

**Damages Must Have Been Caused**

You are not to award damages for any injury or condition from which the Plaintiff may have suffered, or may now be suffering, unless it has been established by a preponderance of the evidence in the case that an injury or condition was caused by the intentional discriminatory conduct of Defendants.

Defendants are not liable for any psychological or emotional problems which predated Ms. Barrett's employment at Defendants or which grew out of other incidents post-dating her employment at Defendants.

Sowers v. Kemira, Inc., 701 F.Supp. 809, 827 (S.D. Ga. 1988); Nichols v. Frank, 771 F.Supp. 1075, 1080 (D. Or. 1991).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 29

**Mitigation of Damages**

Ms. Barrett has an obligation under the law to mitigate or minimize her damages by exercising reasonable diligence to find and hold other employment, including a lower paying position if one equivalent to the position she occupied at Defendants. You must, therefore, deduct from any award the amount that Plaintiff actually received or could have received from other work from the time of the alleged employment discrimination to the present.

In the instant case, it is undisputed that plaintiff was offered another position as Chief Marketing Director at a lower rate of pay, therefore, any award of backpay must be offset by what she would have earned had she continued her employment with the Defendants.

You may not award damages to Plaintiff for any period during which you find that she failed to mitigate her damages, that is, for any period in which she failed to exercise reasonable diligence to find and hold other employment or was unavailable for any reason for employment.

Ellis v. Ringgold School District, 832 F.2d 27, 30 (3rd Cir. 1987); Cassino v. Reichhold Chemicals, Inc., 817 F.2d 1338, 1345 (9th Cir. 1987), cert. denied, 484 U.S. 1047 (1988).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 30

**Back Pay Award**

_____If you find that Defendants intentionally discriminated against Plaintiff because of her sex or in retaliation for her complaints of sexual harassment, you must determine the amount of damages that Ms. Barrett has sustained.  In determining damages, you are to award her back pay in an amount equal to the total compensation that she would have received from Defendants if she had not been subjected to sexual harassment and/or retaliation, subtracting any compensation she actually earned or should have earned that she mitigated her damages and exercised reasonable diligence in seeking substantially equivalent employment.

As stated above, in the instant case, it is undisputed that plaintiff was offered another position as Chief Marketing Director at a lower rate of pay, therefore, any award of backpay must be offset by what she would have earned had she continued her employment with the Defendants.

The purpose of awarding back pay damages is strictly to compensate a party for actual losses, and not to punish the defendant or to provide a windfall for the plaintiff.

Brady v. Thurston Motor Lines, Inc., 753 F.2d 1269, 1273-75 (4th Cir. 1985).  See also 3 Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, §§106.07 (4th ed. 1987).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 31

**Punitive Damages**[1]

You may only award punitive damages if Ms. Barrett proves that the Defendants' conduct was willful, malicious, wanton, outrageous, or in reckless indifference to her federally protected rights. Conduct that is merely unreasonable does not form the basis for an award of punitive damages. An act is wanton and reckless if it is done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the safety and rights of others. The purpose of punitive damages is to punish a defendants for shocking conduct and to set an example in order to deter her and others from committing similar acts in the future.

The awarding of punitive damages is within your discretion - - you are not required to award them. Punitive damages are appropriate only for especially shocking and offensive misconduct by Defendants. If you decide to award punitive damages, you must use sound reason in setting the amount - - it must not reflect bias, prejudice or sympathy toward any party.

---

[1] Defendants have filed a motion to preclude punitive damages as a matter of law. This instruction does not waive this objection.

**DEFENDANTS' PROPOSED INSTRUCTION NO. 32**

**Punitive Damages - - Directed Verdict**

I instruct you as a matter of law that plaintiff has failed to show by clear and convincing evidence that Defendant's conduct toward her was willful, wanton, reckless or in conscious disregard of her rights.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 33[2]

**Attorneys' Fees Not Part of Damages**

You are instructed that, if the plaintiff prevails on her claims, she may be entitled to an award of attorney's fees and costs over and above what you award as damages. It is the Court's duty to determine the award of attorneys' fees and costs, and this should play no part in your calculation of any damages.

_____

[2]Defendants filed a motion to preclude attorney's fees. This instruction does not waive that objection.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 34

**Special Verdict Form**

A form of special verdict has been prepared for your convenience.  Your answers to the questions must be unanimous.  Until all of you agree, you may not return an answer to any question.

In order for you to answer "yes" to any of the questions submitted to you, you must find that the answer should be "yes."  If you find that the evidence does not support a "yes" answer to any question or any part of any question, then your answer to that question should be "no."

**DEFENDANTS' PROPOSED INSTRUCTION NO. 35**

**Duties of Jurors**

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges - - judges of the facts.