IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOLORES (DEE) BARRETT, | : | CIVIL ACTION NO. |
| | : | 02-cv-4421 |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| THE GREATER HATBORO CHAMBER | : | **JURY TRIAL DEMANDED** |
| OF COMMERCE, INC., JOHN J. (BUD) | : | |
| AIKEN, and MICKEY GLANTZ, | : | |
| | : | |
| *Defendants.* | : | |

**DEFENDANTS' SECOND MOTION IN LIMINE TO PRECLUDE EVIDENCE**

Pursuant to Rule 104 of the Federal Rules of Evidence and the Court's inherent authority and discretion to control the course of the trial and rule on evidentiary matters, and for the reasons articulated in the accompanying Memorandum of Law (incorporated fully herein by reference), Defendants, The Greater Hatboro Chamber of Commerce, Inc. John J. (Bud) Aiken, and Mickey Glanz, by and through their counsel, Sidney L. Gold & Associates, P.C., respectfully moves this Court for an Order granting Defendants' Motion in Limine to Preclude the following evidence:

    1.    All Testimony of John Taggart.

    2.    Defendants request an evidentiary hearing in accordance with Rule 104(c) of the Federal Rules of Evidence.

      **WHEREFORE**, the Defendants respectfully requests that the above-mentioned evidence be excluded from trial.

                                      Respectfully submitted,

                                      SIDNEY L. GOLD & ASSOCIATES, P.C.

                                      BY: /s/Sidney L. Gold, Esquire SG1387
                                              SIDNEY L. GOLD, ESQUIRE
                                             I.D. NO: 21374
                                             1835 Market Street, Suite 515
                                             Philadelphia, PA 19103
                                             (215) 569-1999
                                             **Attorneys for the Defendants**

Dated:        September 12, 2005

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOLORES (DEE) BARRETT, | : | CIVIL ACTION NO. |
| | : | 02-cv-4421 |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| THE GREATER HATBORO CHAMBER | : | **JURY TRIAL DEMANDED** |
| OF COMMERCE, INC., JOHN J. (BUD) | : | |
| AIKEN, and MICKEY GLANTZ, | : | |
| | : | |
| *Defendants.* | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANTS' SECOND MOTION IN LIMINE
TO PRECLUDE EVIDENCE**

Defendants Greater Hatboro Chamber of Commerce, Inc., John J. (Bud) Aiken, and Mickey Glantz (collectively, the "Defendants") hereby file this Memorandum of Law in support of their Motion in Limine to Preclude Evidence:

**I.      INTRODUCTION:**

This action arises out of Plaintiff Dolores Barrett's employment with Defendant, The Greater Hatboro Chamber of Commerce and is brought pursuant to Article I, §28 of the Pennsylvania Constitution.  Plaintiff was employed by Defendant Chamber of Commerce from May of 1991 until in or about October of 2000.  Plaintiff alleges that from the time of her hire until the time of her termination, Defendant Aiken subjected her to instances of conduct and verbal remarks which she considered to be sexually offensive.  Plaintiff further alleges that she opposed the aforesaid alleged sexually offensive remarks and conduct and that Defendants retaliated against her.  Defendants deny all such allegations.  Furthermore, the Defendants had a legitimate business reason for demoting the Plaintiff, namely, that her work performance was

unsatisfactory.

It is anticipated from Plaintiff's Addendum to her Pre-Trial Memorandum that Plaintiff intends to call John Taggart to testify at trial to information that is not relevant. On this basis, the Defendants object to John Taggart testifying at trial.

## II.    ARGUMENT:

It is anticipated that Plaintiff will call John Taggart ("Taggart") as a witness at trial. Taggart, according to Plaintiff is Plaintiff's son and worked with Defendant Bud Aiken on the Chamber of Commerce Parade Committee. Plaintiff's Addendum to her Pre-trial Memorandum anticipates that Taggart will testify as to the following:

> "After Plaintiff lost her job in October 2000, Mr. Aiken called him at his home, apologized for taking his mother's job, and asked him to convince Plaintiff to call him so he could apologize to her and 'smooth things over' or words to that effect. Mr. Taggart will also testify that he spoke with Mr. Aiken again, after Aiken refused to speak with Plaintiff when she called."

Defendants object to this testimony and/or any evidence regarding this subject matter in that it is not relevant. Rule 402 of the Federal Rules of Evidence, provides that "all relevant evidence is admissible . . . Evidence which is not relevant is not admissible." The definition of relevant evidence in Rule 401 provides: evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.

The evidence Plaintiff seeks to obtain from Mr. Taggart at trial is clearly not relevant to the subject matter of this case. Plaintiffs claims are for sexual harassment and retaliatory discharge. Whether or not Defendant Aiken contacted Mr. Taggart following Plaintiff's termination and apologized for "taking his mother's job," is not in any way determinative as to whether or not Mr. Aiken sexually harassed the Plaintiff or whether he terminated her

employment in retaliation for any alleged complaints of sexual harassment. As such, the evidence Plaintiff seeks to elicit from Mr. Taggart should be banned from trial as irrelevant evidence in accordance with the Federal Rules of Evidence.

**III.   CONCLUSION:**

For the reasons set forth herein above, the Court should exclude from trial the testimony of John Taggart on the grounds that said testimony is irrelevant to the subject matter of the case.

        Respectfully submitted,
        SIDNEY L. GOLD & ASSOCIATES, P.C.


        BY: /s/Sidney L. Gold, Esquire SG1387
           SIDNEY L. GOLD, ESQUIRE
           I.D. NO: 21374
           1835 Market Street, Suite 515
           Philadelphia, PA 19103
           (215) 569-1999
           **Attorneys for the Defendants**

Dated:   September 12, 2005