IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOLORES (DEE) BARRETT** | : | |
| | : | |
| V. | : | CIVIL ACTION - LAW |
| | : | |
| THE GREATER HATBORO CHAMBER OF COMMERCE, INC.; JOHN J.(BUD) AIKEN, AND MICKEY GLANTZ | : : : | NO. 02 -cv-4421  JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW SUPPORTING
PLAINTIFF'S ANSWER OPPOSING PREMATURE MOTION
TO PRECLUDE RECOVERY OF ATTORNEY FEES**

I. INTRODUCTION

This is a frivolous and harassing motion, as it is prematurely filed prior to trial, before Plaintiff has prevailed on the merits of this case. Defendants have sought a continuance of the trial date without success, and now seek to impede Plaintiff's trial preparation by requiring her counsel to waste the limited time available researching and responding to this untimely motion. This issue could have been included in defendants' summary judgment motion, if a pretrial ruling had been desired. Now that summary judgment is denied and the requested continuance of this long delayed trial denied, defense counsel comes up with this unnecessary premature motion, for no other purpose than to harass and impede plaintiff's counsel, a sole practitioner with limited trial preparation time.

II. DISCUSSION

Pennsylvania law authorizes Courts to award counsel fees in proper circumstances where there may not be express statutory authorization.

In Tallon v. Liberty Hose Co. No. 1, 336 Pa. Super. Ct. 530, 485 A. 2d 1209 (1984) an employment discrimination case under § 1983 and the Pennsylvania Constitution Equal Rights

Amendment, Article 1 § 28. the parties negotiated a consent decree which was silent on the issue of attorney fees, though they had been requested in her initial Complaint. The trial court denied plaintiff-appellant's subsequent petition for counsel fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U. S. C. § 1988. The Superior Court reversed and remanded, relying on <u>Maine v. Thibutot,</u> 448 U. S. 1, 100 S. Ct. 2502 (1980), in which the Supreme Court of the United States affirmed a decision by the Supreme Judicial Court of Maine which concluded that prevailing parties were entitled to attorney's fees under 42 U. S. C. § 1988 **even though there was no specific state authorization for payment of legal fees.** Also, the opinion refers to comments in the Congressional Record describing the purpose of the Civil Rights Attorney Fees Awards Act of 1976 as "authorizing the award of a reasonable attorney's fee in actions brought in State or Federal Courts." This law applies not only to cases brought under §1983, which requires state action, or "action under color of state law,' which is not present in the instant case, but also under § 1981, § 1982 and §1985, all of which reach private action. Federal civil rights law, statutory and constitutional, is a floor beneath which states may not go. But states may provide greater protections for their citizens than is available under Federal law, as is the case with the PERA, which has no Federal Constitutional counterpart.

      The Pennsylvania Supreme Court in <u>Commonwealth v. Edmunds,</u> 526 Pa. 374, 389-90; 586 A. 2d 887, 894-95 (1991) stressed that courts may accord greater protection of individual rights under the state constitution than the "minimum guarantees established by the United States Constitution." <u>Edmunds</u> concerned Article 1 §8 of the Pennsylvania Constitution, which protects citizens against governmental searches and seizures, and was a precursor to the Fourth Amendment. Constitutional protection against unreasonable searches and seizures existed in Pennsylvania more than a decade before adoption of the federal constitution, and 15 years prior

to promulgation of the Fourth Amendment. Commonwealth v. Sell, 504 Pa. 46, 63, 470 A. 2d 457, 466 (1983). Article I §28 protects citizens from deprivation or abridgement of their rights under law regardless of their gender, and has been part of Pennsylvania's organic law for 34 years. To argue that the state Legislature must enact an attorney fee statute in order for a citizen to obtain counsel fees for deprivation of her rights based on her gender is to place the Legislature above the Constitution, which was adopted by the electorate.

In Tallon, *supra,* the fact that plaintiff appellant based most of her claim on state law did not lessen her reliance on federal law, and since her litigation resulted in a decree in her favor she was eligible for an award of counsel fees under § 1988. The Tallon Court noted that the United States Supreme Court in Newman v. Piggie Park Enterprises, Inc., 390 U. S. 400, 88 S. Ct. 964 (1968) stated: "One who succeeds in obtaining an injunction under [section 1983] should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." 390 U. S. at 403, 88 S. Ct. at 966. Piggie Park was decided 8 years before Congress enacted 42 U. S. C. § 1988 specifically providing for counsel fees. Law and public policy favor an award of counsel fees to the prevailing plaintiff. Hensley v. Eckerhart, 461 U. S. 424, 103 S. Ct. 1988 (1983). See also, El Club Del Barrio Inc. v. United Community Corporations, Inc., 735 F. 2d 98 (3d Cir. 1984), where the Court held that the failure of parties to provide for attorneys fees in a settlement agreement was no bar to the prevailing plaintiff's application to the court for counsel fees after the case was settled.

In Rodulfa v. United States of America, 295 F. Supp. 28 (D. D.C. 1969), a petition for counsel fees was granted to claimant in the absence of statutory authority where claimant had successfully prosecuted a suit against the U. S. under the National Service Life Insurance Act and for compensation for the death of a veteran. The court reasoned that in its discretion, the

court in appropriate cases could allow counsel fees for successful plaintiff; unless the court permitted counsel fees, many veterans would be unable to secure counsel to bring such actions, because obviously there was no reason why counsel would work gratuitously.

    Galfand v. Equitable Life Assurance Society of the U. S., 61 Pa. D. & C. 2d 407 (Phila. C. C. P. 1973) allowed plaintiff's attorneys to obtain payment of counsel fees for recovering worker's compensation benefits where there was no statutory authorization for payment of counsel fees by the subrogated insurer, under a 1961 amendment to the law. The insurer argued no counsel fee was legally payable. The court held the lawyers were entitled to recover fees from the insurers which benefited from their services, even in the absence of an agreement or a statute so providing. Pennsylvania R. A. P. 2744 provides for reimbursement of counsel fees for time spent recovering counsel fees. Sampaolo v. Cheltenham Twp. Zoning Board, 157 Pa. Commw. 164, 629 A. 2d 229 (1993).

. III. CONCLUSION

    Defendants' premature Motion to Preclude Counsel Fees should be denied and dismissed with prejudice, and defendants should be required to pay $600 reasonable counsel fees for researching and briefing this issue unnecessarily, a week before trial.

                                      Respectfully submitted,

                                      _____

Anita F. Alberts Esq. #28086
Counsel for Plaintiff Dolores Barrett
The Atrium Suite 2 West
301 South Main Street
Doylestown PA 18901
(215) 340-0700 FAX (215) 340-2747

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DOLORES (DEE) BARRETT** | : | |
| | : | |
| V. | : | **CIVIL ACTION - LAW** |
| | : | |
| **THE GREATER HATBORO CHAMBER** | | **NO. 02 -cv-4421** |
| **OF COMMERCE, INC.; JOHN J.(BUD)** | : | |
| **AIKEN, AND MICKEY GLANTZ** | : | **JURY TRIAL DEMANDED** |

## CERTIFICATION OF SERVICE

ANITA F. ALBERTS ESQUIRE hereby certifies that a true and correct copy of Brief Opposing Motion to Preclude Counsel Fees was served to counsel for defendants at the address below by First Class Mail, on the date written below.

        Sidney L. Gold Esquire
        Sidney L. Gold Associates
        Eleven Penn Center
        1835 Market St. Suite 515
        Philadelphia PA 19103

_____(date)

                                          _____
                                              Anita F. Alberts Esquire