IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOLORES (DEE) BARRETT | : | |
| | : | |
| V. | : | CIVIL ACTION - LAW |
| | : | |
| THE GREATER HATBORO CHAMBER | | NO. 02 -cv-4421 |
| OF COMMERCE, INC.; JOHN J.(BUD) | : | |
| AIKEN, AND MICKEY GLANTZ | : | JURY TRIAL DEMANDED |

<u>**MEMORANDUM OF LAW SUPPORTING
PLAINTIFF'S ANSWER TO CHAMBER OF COMMERCE
MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE
OF SEXUAL HARASSMENT**</u>

I. INTRODUCTION

      The GHCC Motion in Limine is incredible. Defense counsel argues speciously that Plaintiff's harassers, Mickey Glantz and John (Bud) Aiken, were not Plaintiff's supervisors (!) and were not "employees" of defendant corporation she cannot establish "Respondeat Superior" Liability of the Chamber of Commerce. This is ridiculous. Plaintiff does not claim "respondeat superior" liability. She claims STRICT LIABILITY for her harassers were officers and directors of the Chamber, policy makers and supervisors. Plaintiff was the only employee.

      Attached hereto for the convenience of the Court are Plaintiff's three written complaints of sexual harassment, two addressed to Glantz and one addressed to Aiken, Plaintiff's Trial Exhibits 2, 3, and 4.

      EXHIBIT 2 addressed to Aiken is written on Chamber letterhead, and the Board of Directors are listed on the upper right corner. John J. (Bud) Aiken)'s name is first on the list.

1

He was Plaintiff's direct supervisor AND a member of the Board of directors.  Further, Mickey Glantz's name is on the letterhead in the upper left corner -- He was PRESIDENT of the Chamber's board the year that letter was written.

EXHIBIT 3 addressed to Glantz is written on Chamber letterhead showing Glantz was President of the Chamber Board of Directors that year, and Aiken was on the same letterhead as an "Honorary Director."  No "respondeat superior" here, either. This is direct liability.

EXHIBIT 4 addressed to Glantz is on the same Chamber letterhead as Ex. 3, and likewise is a complaint to the President of the Board of Directors for referring to her as "Wop bitch."  No "respondeat superior" here, either.  Only direct liability.

Defense counsel should be ashamed for filing this absurd motion.  He should also be sanctioned.

II. DISCUSSION

The evidence attached hereto shows that management-level persons, Mickey Glantz and Bud Aiken, both members of the Board of Directors of the Chamber, and both of whom directly supervised Plaintiff while they harassed her, the Chamber of Commerce is strictly liable.  See Burlington Industries v. Ellerth, 524 U. S. 742 (1998) and Faragher v. City of Boca Raton, 524 U. S. 779 (1998).  Defendants have no affirmative defense in this case, for there was no policy prohibiting sexual harassment, and the Chamber failed to take prompt (or any) remedial action when Plaintiff reported the harassment to them and complained in writing.  These men are the policy makers.  They liked to harass women, so they harassed Plaintiff, and the Chamber knew of this because Glantz and Aiken were corporate policymaking officials.  In fact, the corporate policy was to permit, encourage and maintain a sexually hostile environment for Plaintiff's workplace because it amused them.

III. CONCLUSION

For the foregoing reasons, and authority of law, Defendant Chamber's Motion to Exclude All Evidence of Sexual Harassment should be denied, dismissed and overruled with prejudice, and defense counsel should be admonished for filing this motion based on fiction.

Respectfully submitted,

AFA2128

_____

Anita F. Alberts Esquire
Counsel for Plaintiff Dee Barrett
The Atrium Suite 2 West
301 South Main Street
Doylestown PA 18901
(215) 340-0700 FAX(215) 340-2747